| 15 | 371 |
| 40a | 126 |
| 15 | 371 |
| 107 | 588 |

SMITH'S ex'r vs. BENTON.

1. If an answer is signed by a defendant, at the bottom, a magistrate of the District of Columbia, appends his statement, that the defendant personally appeared before him, and made oath that the facts stated in the answer were true, it is a substantial compliance with the act regulating practice in courts of justice. It is not necessary for the defendant to sign the certificate of the magistrate, as an affidavit separate from the answer.

2. The common law presumption of payment, after the lapse of twenty years, applies to bonds executed prior to the year 1835. (Rev. Stat. of 1845, 721, sect. 2, 10 Mo. Reports 97.)

Smith's ex'r vs. Benton.

## ERROR to Cooper Circuit Court.

HAYDEN, for plaintiff in error.

1. The answer of the defendant presents no legal bar to the plaintiff's action. It does not pretend to show that he, Benton, ever paid the demand sued for, nor does it set forth such a state of facts as ought to discharge him therefrom. On the contrary, it contains a mass of confused matter, carrying upon its face an attempt to concoct a defence, with a view to mislead, without the approbation of his own conscience, and evincing a greater desire to have the political difficulties, between himself, Judge Napton and others, as well as the very good credit of his own paper in June, 1821, investigated, than the justice of the demand sued for enquired into. His defence does not set up or aver the fact that he ever paid the debt, or that he relies upon the statute of limitations to screen him from the payment of it. It is true that he, in the form of an unskilled county court lawyer, intimates in his answer that the debt has been settled, and that, by the statute of limitations and lapse of time, the law cannot untie his purse or open the interstices so wide as to enable the ministerial officer of the law to extract for the widow and children of his unceasing political and real friend, the lamented Thomas A. Smith, the debt sued for. I insist that if the defendant relied upon payment and satisfaction of the debt, or·upon the statute of limitations, he should have set each defence up and relied upon them respectively in his answer as bar to the action. This he has not done, except as above stated, and therefore he has shown no ground to stand upon in his defence.

2. The defendant's answer, such as it, ought to ·have been verified by his affidavit, or by the affidavit of his agent or attorney, to the effect that such affiant believed the same and the matters therein as stated to be true. This was not done; although by the statute under which he answered, it is expressly required. See Law Reform, art. 7, sec. 2, p. 82. For the want of the affidavit, as well as for the want of legal substance in the answer, it ought to have been stricken from the files in the cause, upon the motions of plaintiff therefor, and judgment rendered in her behalf for her debt, &c., as for want of an answer by the defendant to her action. The pretended answer was in fact a legal nullity, and therefore the plaintiff was not bound to contest the truth or falshood of any thing squinted at in the answer: 1 vol. Bac. Abdg. p. 99; Title "Affidavit."

3. The court erred in refusing to giving to the jury the fourth instruction as,prayed for by the plaintiff, as also in giving the two instructions as prayed for by the defendant.

The fourth instruction of the plaintiff, which was refused by the court, affirms the principle that twenty years lapse of time, between the time the debt became due and the time the suit was commenced, did not, in law, amount to a conclusive bar to the plaintiff's right of recovery, but that the jury had a right, in their inquiry, to look to the facts and circumstances of the case in determining that question. The first instruction of the defendant, asserts the principle that twenty years from the time that the $750, was paid and credited upon the bond sued on, was conclusive evidence of payment as a bar to the plaintiff's right of recovery, and the second instruction affirms the fact that there was no testimony given in the cause to repel the presumption of payment arising out of the fact of the lapse of time between the credit and the commencement of the suit.

4. The circuit court ought to have set aside the verdict of the jury and have granted a new trial of the cause for reasons set forth in the plaintiff's motion therefor.

ADAMS & LEONARD, for defendant in error.

1. The answer of the defendant was properly verified by affidavit, according to the true intent and meaning of act entitled "an act to reform the pleadings and practice in courts of justice in Missouri," approved 24th Februry, 1849. The answer was subscribed by the defendant himself and sworn to before a proper officer, and is in itself an affidavit. The jurat

Smith's ex'r vs. Benton.

of the officer is in proper form and is properly authenticated by the certificate and seal of the secretary of the United States. See Webster Dictionary; 1 Kinney's Law Comp. 13 Belden vs. Devoe 12 Wend. 223; 3 C. R. 190; 3 J. R. 540; 13 J. R. 423; 4 Cowen 47; Hays vs. Bouthalier, 1 Mo. R. 347; 1 Dall. 160; 8 Mod. 823, art. 7, sec. 2 of above act; State vs. Meddleton, 5 Porter's Rep. 484.

2. The objection to the verification of the answer is a mere formal objection, that does not touch the merits of the case, and even if well taken at the circuit court, is now after a trial and verdict for defendant. no ground for the reversal of judgment. The substance of the law is, that neither party shall set up, as a cause of action or ground of defence, so as to put the adverse party to the proof, any fact that he will not verify by oath. Here the answer is verified by the defendant's oath, and if it be untrue, he subjects himself to the same moral and legal penalties that he would have been subjected to, had he appended the most formal affidavit to his answer.

3. The lapse of twenty years is a presumption of payment, and there was no evidence to rebut this presumption; and therefore the ruling of the court below upon the instructions, and the motion for a new trial was right: Clemmons vs. Wilkerson, 10 Mo. R. 98, 99 *et passim.*

GAMBLE, J., delivered the opinion of the court.

The plaintiff in error sued Benton on a bond dated June 10th, 1821, by which Benton promised to pay to Thomas A. Smith, plaintiff's testator. $2000, one day after date. On this bond there was a credit for $750, paid July 5th, 1821.

The defendant answered, stating that the bond was given for the purpose of enabling the obligee to raise immediately the sum of $2000, in part payment of sums then due him on pre-existing contracts, and that soon thereafter and long before the death of the said obligee (Thos. A. Smith) all such contracts were settled and paid and the said bond as part and parcel thereof. The answer, after stating circumstances, intended to show that the bond had been paid, concludes by insisting upon the lapse of time and the statute of limitations as bars to the recovery.

The answer, was signed by the defendant; and at the bottom, a magistrate of the District of Columbia, appends his statement that the defendant personally appeared before him and made oath that the facts stated in the answer were true.

Before the trial, the plaintiff moved to strike out the answer because it was not verified by the defendant's affidavit, but the court overruled the motion

On the trial of the cause, the plaintiff gave in evidence to the jury, the bond with the credit endorsed thereon, dated July 5th, 1821. There was no other evidence before the jury. The court instructed the jury, at the request of the plaintiff; 1st. That they should find for the plaintiff unless they find from the evidence that the defendant, Benton, has paid the debt sued for. 2d. That it devolves, upon the defendant to prove the demand sued for was paid, before they can find that the same

was paid by the defendant. 3d. That the jury will disregard as evidence of payment, the facts and statements made by the defendant in his answer, in regard to the payment of the demand sued for.

The plaintiff asked an instruction which the court refused. It is in these words: "Although the jury, may find from the evidence, that twenty years had elapsed after the bond became due, before the commencement of this suit, yet if the jury find from the facts and circumstances of the case, that the debt sued for has not been paid, then the jury ought to find for the plaintiff."

At the request of the defendant, the court gave the following instructions.

1. If the jury find that twenty years elapsed after the bond became due, and after the date of the credit endorsed on the bond, and before the commencement of this suit, then the presumption is that the debt has been paid, and in the absence of proof to repel this presumption, the jury must so find.

2. In this case, no evidence has been given to rebut the presumption of payment.

A verdict and judgment having been given for the defendant, the plaintiff brings the case before this court by writ of error.

The first matter of complaint is, the refusal of the circuit court to strike from the files the answer of the defendant for want of a sufficient affidavit. The objection is that the defendant, although he signed the answer just above the magistrate's certificate, of his having been sworn to the truth of the facts stated in the answer, did not sign the certificate of the magistrate as an affidavit separate from the answer.

If the certificate is regarded as an ordinary jurat, then the whole answer is an affidavit. But this point may be dismissed with the remark that the practice act is substantially complied with.

As all the instructions asked by the plaintiff were given, except the fourth, and as it stands in immediate connexion with the questions involved in those given for the defendant, they may be considered together.

The law as declared by the circuit court is, that after the lapse of 20 years, a bond is presumed to be paid, and that this presumption, like any *prima facie* evidence of a fact stands good unless it be rebutted by evidence to be given by the party setting up the bond, satisfying the jury that in fact the payment was not made.

The plaintiff insists that the presumption of payment, as known to the common law, does not apply to bonds executed prior to the year 1835: Revised Code of 1845, 721; section 2. It might be necessary to discuss this question here, if it were not settled in the case of Clemens vs.

The State vs. Price and Lusk.

Wilkinson, 10 Mo. R. 97. That was a case in which the presumption of payment was applied to a judgment rendered prior to the year 1835, and in which the argument was made that the 1st section of the 4th art. of the act of limitation superceded the common law presumption and gave a commencement to the presumption created by statute from the 1st day of December, 1835. The two sections of the statute, the first applicable to judgments and the second to specialties are identical in their provisions and must have the same construction. The decision then, in Clemens vs. Wilkinson, is conclusive upon this question. It was there held that the common law presumption was not affected by the statute, but that a judgment rendered prior to 1835, should be presumed to be paid after the lapse of twenty years from its rendition. The instructions given in this case for the defendant were in accordance with this decision. The fourth instruction asked by plaintiff was properly refused, for although a jury ought not to find that a bond has been paid, when they are convinced "from the facts and circumstances" that it has not been paid, yet these "facts and circumstances" must appear in the evidence, and here there was no evidence before the jury, on either side, but the bond and the credit endorsed.

The judgment then, is, with the concurrence of the other judges, affirmed.