B. F. LASWELL, Plaintiff in Error, *v.* THE PRESBYTERIAN CHURCH OF JEFFERSON CITY, MO.; M. D. FAULK, AUSTIN A. KING, *et al.*, Defendants in Error.

1. *Mechanics' lien — Failure of claimant to sign affidavit attached to lien, not absolutely necessary under statute — Jurat may be amended.* — The signature of a claimant under the mechanics' lien law, appended to his statement, and the certificate of the clerk of the court that he made oath to the accompanying affidavit, is a substantial compliance with the statute (Wagn. Stat. 909, § 5), although the claimant fail to sign the affidavit. And objection being offered to the reading of the lien in evidence at the trial, on account of the absence of such signature, the clerk should be allowed to amend his jurat in this respect.

2. *Mechanics' lien — Sub-contractor may file account blending labor and material, after expiration of thirty days.* — In a suit on a mechanics' lien, where the case showed that plaintiff was neither a day-laborer nor a journeyman, but that he did the work and furnished the material under a contract with the original contractor, *held*, that he might file his lien account after the expiration of thirty days, and at any time within four months after the debt accrued, although it blended items for labor done with those for material furnished. Only journeymen and day-laborers would be barred from filing such an account by the lapse of thirty days.

3. *Mechanics' lien — Notice need not specify in what specific manner demand accrued.* — Where a mechanics' lien account comprehended labor and material, the claimant will not be confined to his action for labor done because his notice to defendant claimed only for labor, and not for material. (Wagn. Stat. 911, § 19.)

*Error to First District Court.*

*E. L. Edwards & Son*, for plaintiff in error.

I. The thirty days' clause is confined to journeymen and day-laborers. There is no pretense that plaintiff was a day-laborer or a journeyman.

II. The certificate of the clerk meets all the requirements of the law. The law does not require an affidavit to the claim. (Smith's Ex'rs v. Benton, 15 Mo. 374 ; Sess. Acts 1849, § 2.)

III. The Circuit Court should have permitted the clerk to amend his jurat *nunc pro tunc.* (Bergesch v. Keevil, 19 Mo. 127 ; Budd v. Allen, 21 Mo. 21.) It was too late to object to the verification of the lien after the case was called for trial. (Huntington v. Howse, 22 Mo. 365 ; Cornelius *et al.* v. Grant *et al.*, 8 Mo. 64.)

*King & Bro.* and *Ewing & Smith*, for defendants in error.

I. The Circuit Court did right in excluding this pretended lien. The notice of claim served upon defendants by plaintiff was for work and labor done, and the pretended lien shows the claim to be for work and labor done and materials furnished. The defendants had no notice that plaintiff had a claim for materials. They were entitled to such notice (Wagn. Stat. 911, § 19), and might have been very well misled by this one given.

II. The plaintiff having failed to give notice of his claim for materials furnished, he therefore has no lien for materials ; and having combined in his account a claim for which he has no lien, with that for which he has a lien (if, in fact, he has a lien for anything), he thereby lost the benefit of the act entirely. (17 Mo. 271.)

III. The fact that the lien is not verified by the oath of the plaintiff, nor by any other person for him, was sufficient to authorize the court to exclude it.

WAGNER, Judge, delivered the opinion of the court.

Faulk made a contract to erect the Presbyterian church in Jefferson City, and employed Laswell to do certain work on the

same. Laswell filed his lien as a sub-contractor, and attempted to enforce it by legal process; but upon a trial in the Circuit Court, under certain rulings, he took a nonsuit, which failing to have set aside, and the District Court affording him no relief, he now prosecutes his writ of error.

In his notice claiming the lien, after describing the property, he states that his demand is for $154, which is due him from M. D. Faulk, who was the contractor for the work, and for whom he did the labor and work, and to an amount leaving the balance as stated. In his statement filed for the purpose of acquiring a lien, he sets out the account, and says it was for materials furnished and labor done on the outside and inside of the church, making in all the amount of $154. He also states that it is a true account of the demand, after all just credits have been given the said Faulk, and all others interested therein, for work and labor done and materials furnished by him, in and upon the Presbyterian church, under a contract with Faulk, the undertaker. The description of the property is set forth, and the statement is signed by Laswell. The certificate of verification appended is as follows:

"B. F. Laswell, being duly sworn, says that the facts set forth in the above statement and the above account are true, to the best of his knowledge and belief. C. M. WARD, Clerk."

The defendants objected to the reading of the lien in evidence because the affidavit appended to it was not signed by the plaintiff, or any one for him, and because there was no certificate of the clerk thereto, in due form of law. The plaintiff then asked that the clerk be permitted to attach the proper jurat. The court refused to permit the clerk to amend his certificate, and refused to permit the lien to be read to the jury. To the ruling of the court, exceptions were duly taken.

The statute requires that where a lien is filed it shall be verified by the oath of the person filing it, or by some credible person for him. In this case Laswell signed the statement, but he did not sign the certificate of the clerk as an affidavit separate from the statement. Whilst it is true that in general practice, and by the current of the authorities, an affidavit should be signed by

the party making it, the statute does not in this matter seem to require an affidavit in express terms. It only demands that the statement shall be verified by oath.

Where a defendant, in his answer under the practice act, signed his name at the bottom of his answer, and the magistrate administering the oath appended his statement, that the defendant personally appeared before him and made oath that the facts stated in the answer were true, it was held a substantial compliance with the statute, and that it was not necessary for the defendant to sign the certificate of the magistrate as an affidavit separate from the answer. (Smith v. Benton, 15 Mo. 371.) Although the clerk's certificate states that Laswell was duly sworn to the truth and correctness of his statement and account, still it was not made out in the usual form. But that should not have been permitted to work to Laswell's prejudice. He had performed the full measure of his duty in regard to the matter. He took his statement and lien to the clerk to be filed, and that officer swore him as the law directs. If the clerk negligently performed his duty, or made a defective certificate, Laswell should not be made to suffer thereby. To permit such a thing would be to allow the merest technicality to triumph over justice. I am clearly of the opinion that the court erred, and that the clerk should have been allowed to amend his certificate.

Although it was not necessary to the decision of anything saved in this record, it seems that the District Court went further, and adjudged that the plaintiff was not entitled to a lien in this case. As the cause will be remanded, and to save future litigation, I will notice the objection.

The point is raised upon the supposed inaccuracy and the blending of incongruous matters in the account. The account is for materials furnished and work and labor done. It was filed more than thirty days after the demand accrued, but within four months. The fifth section of the law in reference to mechanics' liens provides that "it shall be the duty of every original contractor, within six months, and every journeyman and day-laborer, within thirty days, and of every other person seeking to obtain the benefits of the provisions of this chapter, within four

months, after the indebtedness shall have accrued, to file with the clerk of the Circuit Court of the proper county a just and true account of the demand due him or them," etc. (2 Wagn. Stat. 909, § 5.) It is only the day-laborer and journeyman that are compelled to file their lien within thirty days, while material-men, sub-contractors and others have four months within which to file the same. The case shows that the plaintiff was neither a day-laborer nor a journeyman, but he explicitly declares that he did the work and furnished the materials under a contract with Faulk, the original contractor. If he contracted to do a certain piece of work, and furnish materials in and about the same, his statement and account for work done and materials furnished according to contract, it seems to me, is sufficient. If the work had been done as a day-laborer or journeyman, and he had blended the items for labor with those for materials, after the lapse of thirty days the lien would have been lost, for they could not have been separated. But this case is not presented in that aspect.

It is also objected that the notice claimed only for work and labor performed, when the lien comprehended materials in addition. But there is obviously nothing in this. All that the law requires to be inserted in the notice is that the person holds a claim against the building or improvements, setting forth the amount and from whom the same was due. (2 Wagn. Stat. 911, § 19.) It is immaterial about particularizing in what specific manner the demand accrued. That fact is determined by inspecting the lien on file.

Wherefore the judgment will be reversed and the cause remanded. Judge Currier concurs; Judge Bliss absent.