—————o—————

J. R. Owens, Plaintiff in Error, *vs.* Thomas M. Johns, Defendant in Error.

1. *Attachment—Suit by clerk—Jurat by his deputy, motion to dissolve—Suit on merits, etc.*—In suit by attachment brought by the clerk of a Circuit Court, his affidavit for attachment sworn to before his deputy, and his bond approved by the same officer are both nullities and may be dissolved on motion, although the proper proceeding would be to quash the writ. In such case the filing of new affidavit and bond will not avail. The suit on the merits, however, should not be dismissed, but should proceed as if commenced on summons.

*Error to Cedar Circuit Court.*

*R. F. Buller*, for Plaintiff in Error.

I. If the affidavit and bond were not sufficient, appellant had a right to file others. (Wagn. Stat., 1872, p. 183, § 10; p. 190–1, § 48; Jasper Co. vs. Chenault, 38 Mo., 357, and cas. cit.)

Even if the attachment had been dissolved, the suit should still have proceeded. (Wagn. Stat., 1872. p. 191, § 49.)

The defendant appeared generally—which waives any defect in the writ. (Bartlett vs. McDaniel, 3 Mo., 40; Barnett

vs. Lynch. *Id.*. 261; Griffin vs. Samuel, 6 Mo., 50; Evans vs. King, 7 Mo., 411; Hembree vs. Campbell, 8 Mo., 572.)

*Stratton & Johnson*, for Defendant in Error.

HOUGH, Judge, delivered the opinion of the court.

This was an action commenced by attachment in the Cedar Circuit Court. The petition contained five counts, the aggregate amount claimed in two of which was insufficient to give the Circuit Court jurisdiction, and in the then remaining counts, the causes of action were defectively stated. The affidavit upon which the writ of attachment issued, was signed by J. R. Owens and had the following *jurat :*

Subscribed and sworn before me this 21st day of March, 1872.

J. R. OWENS, Clerk,

By LEWIS GAVELY, D. C.

Plaintiff also by his deputy approved his own bond.

The defendant appeared and moved to dissolve the attachment and dismiss the cause for the reason that the affidavit and bond were nullities, and because three of the counts stated no cause of action, and the aggregate amount claimed in the other two, was less than fifty dollars. The court sustained the motion, dissolved the attachment and dismissed the cause.

Before the determination of the motion the plaintiff filed an amended affidavit and a new bond. There was no error in dissolving the attachment.

The affidavit was a nullity and there was nothing by which to amend. The writ had issued without authority of law and the proper motion would have been to quash the writ The result reached was perhaps the same.

The suit, however, should have proceeded as if commenced by summons; the defendant was in court and a general judgment could have been rendered against him. The petition was defective, but the plaintiff asked leave and had a right to amend and it was error to dismiss the suit.

The judgment of the court dismissing the suit is therefore reversed and the cause remanded; the other judges concur except Judge Vories, who is absent.