JOHNSON, *Plaintiff in Error*, v. GILKESON.

<div style="float:right">

81 55
33a 112

81 55
40a 122

81 55
42a 447
43a 183

</div>

1. **Affidavit for Attachment, Sufficiency of.** An affidavit for attachment not made by the plaintiff himself, and not stating on its face that it was made for him, is, nevertheless, sufficient if it was made by the person who signed the petition as plaintiff's attorney; and such affidavit need not disclose the attorney's means of knowledge. Affirming *Gilkeson v. Knight*, 71 Mo. 403.

2. **Writ of Attachment, Return Thereto.** The indorsement of the return of the sheriff upon the petition annexed to a writ of attachment, instead of upon the writ itself, is only an irregularity in form, and will not avoid the jurisdiction of the court in proceeding to judgment.

3. ————: PRESUMPTION. Where the return recites an attachment of land in a county named, giving its location, it will be presumed that the attachment was made in the county where the land is situated

4. **Attachment, Validity of; JURISDICTION.** Where the validity of an attachment rests upon an affidavit of non-residence and levy of the writ of attachment, return as to the person of the defendant is not necessary to give jurisdiction as to the property attached.

*Error to Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for appellant.

The proceedings by attachment were void because the affidavit did not show on its face the specified requirements of the statute. It was made by one Conklin, and did not purport to be on behalf of the plaintiff. *Wiley v. Aultman*, 53 Wis. 560; *McCabe v. Sumner*, 40 Wis. 386; *Crane v.*

*Willcy*, 14 Wis. 658; *Miller v. Railroad Co.*, 17 N. W. Rep. 138; *Manley v. Staley*, 10 Kas. 88; *Pool v. Webster*, 3 Met. (Ky.) 278; *Willis v. Lyman*, 22 Tex. 268; *Ex parte Bank of Monroe*, 7 Hill 177; *St. Armant v. Baixcedon*, 3 Sand. 702; Story on Agency, § 147. The statute contemplated that the affidavit for the attachment should be complete in itself, and contain all the specified requirements. *Bray v. McClury*, 55 Mo. 128; *Willis v. Lyman*, 22 Tex. 268. Where a person, other than the plaintiff, makes the affidavit for the plaintiff, he should state his source of information as to the requisite facts—the facts other than the grounds for the attachment. Presumptions are only indulged in support of jurisdictional facts in courts of general jurisdiction, and when the record is silent as to what was done. They have no place for consideration where the evidence is disclosed, or the averment made, as in the affidavit under consideration. *Galpin v. Page*, 18 Wall. 266; *Hahn v. Kelly*, 34 Cal. 390; *Hargadine v. Van Horn*, 72 Mo. 370; *Wiley v. Aultman*, 53 Wis. 560; s. c., 11 N. W. Rep. 32; *Ex parte Bank of Monroe*, 7 Hill 177; *St. Armant v. Baixcedon*, 3 Sand. 702. Jurisdiction in attachment where there is no personal service, can only be acquired by the proper service of the writ properly issued, and until this has been done, every step is jurisdictional. *Massey v. Scott*, 49 Mo. 278; *Harden v. Lee*, 51 Mo. 241; *Freeman v. Thompson*, 53 Mo. 183; *Norvell v. Porter*, 62 Mo. 309; *Paine v. Moreland*, 15 Ohio 435; *Nicolls v. Lawrence*, 30 Mich. 395; *Michels v. Story*, 5 N. W. Rep. 476; *Toron v. Tabor*, 34 Iowa 263; *Adams v. Abraham*, 38 Iowa 302, 304; Drake on Attachment, § 424; *Cooper v. Reynolds*, 10 Wall. 308; *Tiffany v. Glover*, 3 Iowa 390; *Menly v. Leigler*, 23 Tex. 92; *Anderson v. Scott*, 2 Mo. 15. In the prosecution of jurisdictional inquiries, courts look to the sources of jurisdiction to ascertain whether jurisdiction rested in the tribunal at the time of its attempted exercise, but not to ascertain whether it raises a presumption of facts contrary to the recitals. *Brown v. Woody*, 64 Mo. 547; *Hargadine v. Van Horn*, 72

Mo. 370. The assertion of jurisdiction does not confer it where it does not exist. Freeman on Judg., (Ed. 1873) § 120. The affidavit, writ of attachment and return thereon, are the source of jurisdiction in this case. *Walsh v. Agnew*, 12 Mo. 520; *Careen v. Douglas*, 1 Mo. 336; *Norvell v. Porter*, 62 Mo. 309. Under the statute it is required that writs of attachment shall be issued and returned in like manner as original writs of summons. 1 R. S. 1855, § 19, p. 224; 1 R. S. 1879, § 419, p. 66. Original writs of summons are required to be returned in writing, stating time, place and manner of service. 2 R. S. 1855, § 11, p. 1224; 1 R. S. 1879, § 3492. The writ must have the return indorsed on it, or upon some paper referred to and annexed to it by indorsement upon the writ. Crocker on Sheriffs, (2 Ed.) § 39, p. 27. The filing of a writ without any indorsement upon it, showing the manner in which it was executed, is no return. *Nelson v. Brown*, 23 Mo. 13. The return should also state where it was executed. *Charles v. Marney*, 1 Mo. 539. Nor can a writ be returned *non est* before the return day named in it. *Washington v. Southworth*, 26 Mich. 381; *Nicolls v. Lawrence*, 30 Mich. 395; *Town v. Tabor*, 34 Mich. 262; *Myers v. Brosser*, 40 Mich. 644; *Dillon v. Rash*, 27 Mo. 243. The attachment of land is wholly symbolical, and can only be accomplished in the mode pointed out by the statute. *Perrin v. Leaveritt*, 13 Mass. 130.

*John J. Cockrell* for respondent.

The sufficiency of this same affidavit was settled in favor of respondent in case of *Gilkeson v. Knight*, 71 Mo. 403. The return of the sheriff was written on the petition instead of on the writ. This is a sufficient return in form. Freeman on Executions, § 355. It will be presumed that the officer did his duty until the contrary appears. *Baker v. Underwood*, 63 Mo. 384. There is nothing to show that there was an actual tenant on the land at the time of the levy, and it will not be presumed for the purpose of destroy-

ing the validity of an official act. At any rate, statement of notice to actual tenants is not a necessary part of a valid return. *Lackey v. Seibert*, 23 Mo. 85; *Durossett v. Hale*, 38 Mo. 346; *Huxley v. Harrold*, 62 Mo. 516.

MARTIN, C.—This is an action of ejectment. Both parties claim title under John W. Brockman. The plaintiff read in evidence, a deed from him executed on the 13th day of March, 1868. The defendant submitted a sheriff's deed made in pursuance of an attachment suit against him, in which levy of attachment of the same land was effected on the 31st day of January, 1866. The court rendered judgment in favor of defendant, holding that the sheriff's deed to defendant, constituted the superior title. From this judgment the plaintiff has appealed. She contends that the attachment proceedings were void, on account of a defect in the affidavit, setting forth the non-residence of defendant, which defect, she claims, left the court without jurisdiction to render a valid judgment in the case. The validity of this identical affidavit has been passed upon by this court, in the case of *Gilkeson v. Knight*, 71 Mo. 403, in which its sufficiency was approved. It was by virtue of the same affidavit and sheriff's deed, that the defendant in this case, obtained possession of the land which is now sued for. The plaintiff in this case, along with others, was defendant in the case referred to, and after being ejected, she now seeks to get back again by overturning the same title which was held sufficient to put her out. As the objections to the affidavit have been considered and settled in this court, I will pass them by as not open to argument again. Since the termination of the former case, the learned and ingenious counsel for plaintiff, seems to have extended his examinations a little further into the title, which was then asserted for recovery, and is now interposed for defense. He maintains that the attachment was void on account of a defect in the return of the sheriff, which he argues is equivalent to no return at all. The return of the sheriff,

reciting a levy of the attachment, was indorsed, not on the writ of attachment, but on the petition which was annexed to the writ. The petition, along with the writ attached thereto, as required by law, was returned into court.

An indorsement of the return on the petition could, at most, be only an irregularity in the form of doing what the law required of the sheriff, and not in the substance of the act done. Such a slight departure in form, could not avoid the jurisdiction of the court in proceeding to judgment. The return was as follows: "I, T. W. Williams, sheriff of Johnson county, Missouri, do certify, that I executed the within petition and writ of attachment, on the 31st day of January, 1866, at the hour of ten o'clock in the forenoon, by levying the same upon all the right, title and interest of the within named, John W. Brockman, in and to the following described real estate, in Johnson county, state of Missouri, to-wit: (Here follows description of the land). An1 I further certify, that said defendant cannot be found in my county. T. W. Williams, sheriff." The counsel for plaintiff objects to this return for failing to state that the attachment was made in Johnson county. As the return recites, an attachment of land in Johnson county, giving its location, the presumption that he went into some other county to do this, would be an unreasonable one to impeach the validity of the act recited. It is also objected, that the return that the defendant could not be found, relates to the 31st of January, 1866, the day the writ was issued. I do not think this act necessarily refers to the day of the levy of the attachment. If it did, it could not impeach the validity of the attachment, which rested upon the affidavit of non-residence and levy of the writ. Return as to the person of the defendant was not necessary to give jurisdiction as to the property attached. It is further objected, that the sheriff, in his return, uses the word "levy," instead of "attach," as contemplated by statute. This, along with some other objections raised by counsel for plaintiff, are altogether too refined to command serious attention under

any system of enlightened jurisprudence. The judgment was without error, and should be affirmed, and it is so ordered.