F. C. CRUM *et al.*, Respondents, v. WILLIAM ELLISTON *et al.*, Appellants.

Kansas City Court of Appeals, February 4, 1889.

1. **Practice :** AMENDMENT ON APPEAL FROM JUSTICE OF THE PEACE. In an action of replevin before a justice of the peace, the statement and affidavit contained all the required averments, but neither was signed by the plaintiffs or either of them, and the justice's *jurat* to the affidavit certified that both had sworn to it ; and on motion in circuit court to dismiss for this defect the evidence showed plaintiffs had not signed because the justice had advised it was unnecessary. *Held* that the defect was formal and under the evidence subject to amendment *nunc pro tunc*, and raises no question of jurisdiction, and there was no error in permitting plaintiffs to sign the statement and affidavit and in overruling the motion to dismiss.

2. ———: DESCRIPTION OF PROPERTY : OBJECTION TO. Objection to the insufficiency or uncertainty of description must be made by the defendant at the first available opportunity, and if he omit to do so, plead to the merits and go to trial, he cannot ask the court to reverse the judgment because the description is uncertain, and besides, the description, "Nine head of fat hogs, mostly black," held sufficient to enable the officers to identify the property.

3. ——— : POSSESSION. The evidence showed that at the commencement of the suit defendant E. was sheriff, and as such officer was, through his deputy, in the possession and control of the property on the premises of the defendant C., and there was no error in overruling a demurrer to the evidence.

*Appeal from the Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*A. Haynie* and *Fyke, Calvird & Lewis*, for appellants.

(1) The statement could not be amended in the

circuit court. In an action of replevin commenced before a justice of the peace the statute requires the statement to be verified by affidavit. R. S., sec. 2882. And unless the statement is so verified it cannot be amended in the circuit court, but the action should be dismissed. *Gist v. Loring*, 60 Mo. 487; *Madkins v. Trice*, 65 Mo. 656. (2) The description of the property in the statement is so vague, indefinite and uncertain, that the property by the description could not be identified. For this reason no evidence should have been heard, and the motion in arrest should have been sustained. (3) The demurrer to the evidence should have been sustained. There is not a *scintilla* of evidence that defendants were in the actual possession of the property, but the evidence shows that the property had not been removed from the premises of H. L. Crum, the defendant in this attachment suit. The levy of the attachment writ was purely constructive. Defendants must be in actual possession before replevin will lie against them. *Davis v. Randolph*, 3 Mo. App. 454; *Harner v. Marcus*, 5 Mo. App. 565; *Guluth v. Waldstein*, 10 Mo. App. 586; *Rogers v. Davis*, 21 Mo. App. 150. The fact that Cleveland pointed out to the officer the property he desired him to levy on, does not authorize an action of replevin against Cleveland; and according to the evidence he had no other connection with it whatever. For the foregoing reasons appellants ask that the judgment be reversed

*McBeth & La Due*, for respondents.

(1) The court did not err in overruling defendants' motion to dismiss the action, and permitting plaintiffs to sign the statements in the circuit court. In fact and in law, the action could have been maintained without any affidavit at all, as the property was actually in possession of defendants when replevin suit was brought. *Bingham v. Morrow*, 29 Mo. App. 448; *Eads v.*

Crum v. Elliston.

*Stephens,* 63 Mo. 90 ; *Mastin v. Bank,* 65 Mo. 16 ; *Bray v. McClurg,* 55 Mo. 128 ; *Hamilton v. Clark,* 25 Mo. App. 428, 433 ; *Bergesch v. Keevil,* 19 Mo. 127 ; *Kimball v. Silvers,* 22 Mo. App. 520. Section 2882 of Revised Statutes, 1879, does not require in express language plaintiff to sign affidavit, but to verify it. The affidavit in this case was verified. (2) The names of the plaintiffs were inserted in the body of the statement and in the *jurat* of the magistrate who swore them. Plaintiffs adopted, and treated as their own signatures, their names signed in the body of the statement and affidavit. See *Kruse v. Wilson,* 79 Ill. 233 ; *Cook v. Jenkins,* 30 Iowa, 452 ; *Fryatt v. Linde,* 3 Edwards (N. Y.) 239 ; *Jackson v. Vogel,* 3 Johns. (N. Y.) 540 ; *Huff v. Spicer,* 3 Paige (N. Y.) 190 ; *Melins v. Shaffer,* 3 Denio (N. Y.) 60 ; *Hitzman v. Garard,* 1 Harr. (N. J.) 124 ; *Shelton v. Berry,* 19 Texas, 154 ; *Watts v. Womack,* 44 Ala. 605 ; *Bates v. Robinson,* 8 Iowa, 318 ; *Williams v. Stevenson,* 103 Ind. 243. (3) The court did not err in overruling defendants' objection to introduction of any testimony because of vague description of property. See Jones on Chatt. Mort. sec. 64 ; *Bank v. Jennings,* 18 Mo. App. 651 ; *State ex rel v. Cabanne,* 14 Mo. App. 294, 296-7 ; Jones on Chattel Mortgages, secs. 53, 57. It is clear that a chattel mortgage requires a more particular description to make it good than a statement in replevin, where the property is in hands of sheriff under attachment. (4) The court did not err in overruling defendants' demurrer to the testimony. The evidence is overwhelming and all on the side of plaintiffs as to the ownership of the property, the right of plaintiffs to immediate possession, and that the property was wrongfully detained by defendants. The evidence fully justified the finding of the court, sitting as a jury, on the facts, and the final judgment in favor of plaintiffs.

VOL. xxxiii—38

SMITH, P. J.—This was an action commenced before a justice of the peace under the statute providing for the claim and delivery of personal property, for the recovery of the possession of "nine fat hogs, mostly black." The statement contained all the averments required by section 2882, Revised Statutes, but neither it nor the affidavit appended to it were signed by the plaintiffs. There was a certificate of the justice of the peace following the unsigned affidavit in these words, "Sworn and subscribed to before me by F. C. & George S. Crum, this November 15, 1886. O. J. Lloyd, justice of the peace." When the case reached the circuit court on appeal a motion was made to dismiss it on the ground that the plaintiffs' statement was not verified by the affidavit. The court heard evidence which showed that it had been sworn to before the justice, but that neither the statement nor the affidavit had been signed by the plaintiffs because the justice believed the same was unnecessary and had so advised plaintiffs. The court thereupon permitted the plaintiffs to supply their omission and then overruled the motion to dismiss, and this action of the court is made the principal ground of the defendants' complaint.

I. In all cases of appeal from justices of the peace the circuit court, in the exercise of its original and appellate jurisdiction, is always liberal in allowing amendments to be made in the pleadings to supply any deficiency or omissions therein when by such amendment substantial justice will be promoted. R. S. secs. 2937, 3052, 3060. The exercise of this power is, however, subject to the limitation that no cause of action not embraced or intended to be embraced in the original statement can be added by such amendment. Sec. 3060, *supra*. And it seems that in cases of this kind an omission to include in the statement any one of the causes required by section 2882 cannot be supplied by

amendment in the circuit court. It is held that such an amendment would be substantially a new action, and that the power to allow the same is not confided to the circuit court by the statute. *Gist v. Loring,* 60 Mo. 487 ; *Madkins v. Trice,* 65 Mo. 656. But in the present case the plaintiffs' statement is not deficient in any matter of substantive averment. The defect is formal and consists alone in the omission of the plaintiffs to sign the statement and affidavit. Under the evidence it was the subject of amendment *nunc pro tunc. Bergesch v. Keirl,* 19 Mo. 127. Such an amendment raises no question of jurisdiction. We think, therefore, that the circuit court did not err in granting permission to the plaintiffs to sign the statement and affidavit and in overruling the motion to dismiss.

II. It is argued by the defendants that the description of the property, as set forth in the statement, is so vague, indefinite and uncertain that by such description it could not be identified, and for that reason no evidence should have been received. This specific objection does not seem to have been made in the circuit court and is here raised for the first time. It draws in question the sufficiency of the statement, and for that reason we must notice it. Objections to the insufficiency or uncertainty of description must be made by the defendant at the first available opportunity and if he omit to do so, plead to the merits and go to trial, he cannot ask the court to reverse the judgment because the description is uncertain. Wells on Replevin, sec. 185 ; *Ruch v. Morris,* 28 Pa. St. 245 ; *Warner v. Anghenbaugh,* 15 S. & R. ( Pa.) 9. While it may be doubted whether the rule in respect to mortgages allowing extrinsic evidence to aid defective description of property therein can be invoked in cases like this, still we think the description contained in the statement was sufficient to enable the officer to identify the " nine head of fat hogs, mostly black." In *Ruch v. Morris,*

*supra*, there is contained in the brief of the counsel for the defendant in error an extended citation of the English authorities as far back as the days of Lord Coke, which show that the description of the property contained in the statement in this case is good under the English precedents.

III.    It is contended further that the demurrer to the plaintiffs' evidence should have been sustained because there was no evidence that the defendants were in the actual possession of the property.    We do not think this contention can be sustained.    The statutory averment which is required to be made in this form of action is, that the " property is wrongfully detained."    R. S. sec. 2887.    Now it has been adjudged in this state that the action of replevin can be maintained for the recovery of specific personal property where the defendant had the property either in his possession or under his control, at the time of the commencement of the action. *Davis v. Randolph*, 3 Mo. App. 454 ; *Haeger v. Marcus*, 5 Mo. App. 565.    The evidence conclusively shows that, at the time of the commencement of this suit, Elliston was sheriff, and as such officer, was, through his deputy, in the actual possession and control of the property on the premises of the defendant, Cleveland.

Perceiving no error in the record and proceedings in the case, the other judges concurring, the judgment is affirmed.