| 40 | 113 |
| 44 | 620 |

THE THIRD NATIONAL BANK OF SEDALIA, MISSOURI, Respondent, v. MONROE H. GARTON *et al.*, Appellants.

Kansas City Court of Appeals, February 17, 1890.

*Rehearing denied, March 31, 1890.*

1. **Attachment :** AFFIDAVIT FOR : AMENDMENT : JURISDICTION. An affidavit for attachment, filed in the cause, though in proper form otherwise, which is not signed by the alleged affiant, and the *jurat* is neither signed by the clerk nor attested by the seal of the court, is a nullity, and cannot be amended, and confers no jurisdiction to issue a writ of attachment.

*On motion for rehearing.*

2. ———: ——— : ——— : APPEARANCE. On motion for rehearing the majority of the court adhere to the original opinion and hold in addition that the fact of defendant's appearing and pleading to a subsequently filed affidavit does not waive the necessity of a proper affidavit in the inception of the attachment proceeding, which is a proceeding *in rem*, and the means provided by the statute must be pursued to bring into the jurisdiction of the court the *res*, the property of the defendant.

VOL. 40—8

Third Nat. Bank of Sedalia v. Garton.

*Per Smith, P. J., dissenting:*

3. ——: ——: ——: ——. The failure of the affiant to sign the affidavit, and the want of a *jurat* thereto, were not such an insufficiency as prevented the court from acquiring jurisdiction, and there was no error in permitting the affidavit to be amended as provided by the statute ; and the defendants' plea in abatement waived the defects in the affidavit.

*Appeal from the Johnson Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Reversed and remanded

*Sam'l P. Sparks* and *G. S. Hoss*, for appellants.

(1) The paper styled an affidavit for an attachment was a nullity because (1) it lacked the signature of the affiant, and (2) the *jurat* was unsigned. *Hargadine v. VanHorn*, 72 Mo. 370 ; *Burnett v. McCluey*, 78 Mo. 677, *loc. cit.* 689 ; *Bray v. McCluey*, 55 Mo. 128 ; *Owens v. Johns*, 59 Mo. 89. The motion to quash the writ of attachment was the proper procedure to raise the question. *Owens v. Johns, supra.* (2) The filing of an affidavit in compliance with the statutes was a *sine qua non* to the issuance of a valid writ of attachment, and the later to the jurisdiction in the court. R. S. 1879, sec. 402, p. 63 ; Drake on Attachment [5 Ed.] sec. 84 ; *Hardin v. Lee*, 51 Mo. 241, and authorities there cited ; *Cooper v. Reynolds*, 10 Wall. 303 ; *Owens v. Johns, supra.* (3) That which is void is not amendable and *e converso. Owens v. Johns, supra; Hardin v. Lee, supra*, and authorities there cited ; *Hargadine v. VanHorn, supra.* (*a*) It follows that the court erred in giving its sanction to the extra-judicial amendment by overruling the motion to quash the writ and the amended affidavit. Amendments cannot be made so as to supply jurisdictional facts when the record shows an absence of them. *Blize v. Castilio*, 8

Mo. App. 290. ( *b* ) The court erred in admitting affidavits and depositions—evidence *de hors* the record, in support of the leave to amend. *Blize v. Castilio*, 8 Mo. App., *loc. cit.* 294; *Jones v. Hart*, 60 Mo. 346; *Hansbrough v. Fudge*, 80 Mo. 307. ( *c* ) The taking of the affidavit to Sedalia, and causing Parker and the clerk to sign the same before the notary taking their depositions, was extra-judicial and void, being in advance of any authorization by the court. ( *d* ) It was essential that the affidavit should have been entitled in the cause, it must be complete in itself. *Bray v. McCluey*, 56 Mo., *loc. cit.* 138; dissenting opinion of WAGNER, J.; *Arnold v. Nye*, 11 Mich. 457; 28 Cen. Law Jour. 261, 262. ( *e* ) The paper styled an affidavit upon which the writ was based contained none of the essentials of an affidavit. See leading articles entitled "Essentials of an affidavit," 28 Cen. Law Jour. 261, 262. ( *f* ) The affidavit, writ and return constitute a part of the judgment roll, and the motion in arrest reached the errors on their face.

*Wm. S. Shirk* with *Jackson & Montgomery*, for the respondent.

(1) The original affidavit, though not signed by the affiant, and having no *jurat* thereto, having actually been sworn to, was not a nullity. It was amendable. The omissions were not jurisdictional. R. S. 1889, sec. 568, being the same as statutes of 1879, sec. 445; *Henderson v. Drace*, 30 Mo. 362; *Musgrove v. Mott*, 90 Mo. 107 on 110; *Burnett v. McCluey*, 92 Mo. 230; Waples on Attachment, p. 83, and authorities cited on note 4, and page 104. (2) The depositions of Parker and Brady and the affidavit of Shirk show, beyond dispute, that Parker did swear that the causes for attachment, set out in the affidavit, existed, and the court, by over ruling the motion to quash, ratified the

act of the said Parker in signing the affidavit, and of the clerk in signing the *jurat*, at the time of the taking of their depositions, and it was not error for them to do so. ( 3 ) There was no error in admitting the depositions and affidavit above mentioned, in support of respondent's application for leave to amend. The cases cited by appellant, viz. : *Blize v. Castilio*, 8 Mo. App. 294 ; *Jones v. Hart*, 60 Mo. 351, and *Hansbrough v. Fudge*, 80 Mo. 307, are not all in point. The omissions in the original affidavit were merely clerical omissions or mistakes, and not at all of the same nature as the amendments attempted in the above cases. ( 4 ) The affidavit was not only attached to the petition, but was written on the same sheet of paper with it, and, as to being entitled in the cause, it must be read in connection with the petition, and is in that respect sufficient. *Burnett v. McCluey*, 92 Mo., *loc. cit.* 235. ( 5 ) As soon after respondent discovered the omissions in the original affidavit, as it was possible for it to do so, it filed an an amended affidavit ( see affidavit of Shaw, filed, June 13, 1887), and it might well have rested on this affidavit, without amending the original. It was not necessary to wait until the original affidavit was held insufficient, but had the right to amend in advance. *Musgrove v. Mott*, 90 Mo., *loc. cit.* 110. ( 6 ) Our statute does not in terms require the affidavit to be signed by the party who makes it. Hence, if it was actually sworn to, it is not a nullity. 1 Am. and Eng. Cy. Law, p. 311, title "Affidavits—signature," and authorities cited in note 3, among which are: *Haff v. Spicer*, 3 Paige ( N. Y.) 190 ; *Melius v. Shafer*, 3 Denio, 60 ; *Hitsman v. Garrard*, 16 N. J. Law ( 1 Harr. ) 124 ; *Bates v. Robinson*, 8 Iowa, 318, and many others ; Waples on Attach., p. 83, and cases cited in note 4. ( 7 ) And the failure of the clerk to attach his *jurat* was not fatal to the affidavit, if he actually swore the party to it. *Kruse v. Wilson*, 79 Ill. 233 ; *Cook v. Jenkins*, 30 Iowa, 452 ;

*Simon v. Stelter*, 25 Kansas, 155 ; Waples on Attach., p. 84, note 1.   And upon clear proof that the affidavit was sworn to by the affiant, before a proper officer, the courts will permit it to be amended according to the fact.   See above cases, and cases cited to point 2, *supra ;* Waples on Attach., p. 84, note 2 ; p. 103, 104, 105, note 1 ; p. 106.   (8)  Defendants waived all objections to the sufficiency of the affidavit by filing a plea in abatement to it, and going to trial thereon. *Brayton v. Freeze*, 1 Indiana, 121 ; *Henderson v. Drace*, 30 Mo. 362, on 363-4.

GILL, J.—This is a suit by attachment, brought in the Pettis circuit court March 29, 1887 ; and at the May term following a change of venue was taken to the Johnson circuit court, where the cause was subsequently tried, and, judgment being rendered for plaintiff, defendants have appealed to this court.   The matter at issue relates to the attachment proceedings in the cause.

On March 29, 1887, when the action was commenced, the plaintiff filed with the clerk of the Pettis circuit court the following paper, intending the same, evidently, as an affidavit for attachment.   We copy the paper here :

"STATE OF MISSOURI, ⎱ ss.
"County of Pettis,     ⎰

"Albert Parker, president of the Third National Bank of Sedalia, Missouri, being sworn for, and in behalf of, said bank, the plaintiff herein, on his oath says : That the plaintiff in the above entitled cause has a just demand against the defendants therein, which will become due on the eighteenth day of May, A. D. 1887, and that the amount which this affiant believes the plaintiff ought to recover, when the same becomes due, is two thousand dollars ; and that this affiant has good reason to believe, and does believe, that the defendants have fraudulently conveyed and

assigned their property and effects so as to hinder and delay their creditors, and that defendants are about fraudulently to convey and assign their property and effects so as to hinder and delay their creditors, and that defendants have fraudulently concealed, removed and disposed of their property and effects so as to hinder and delay their creditors, and are about fraudulently to conceal, remove and dispose of their property and effects so as to hinder and delay their creditors.

"Subscribed and sworn to before me this ——th day of March, A. D. 1887.

"Filed in the office of the clerk of the circuit court of Pettis county, Missouri, on the twenty-ninth day of March, 1887."

The transcript was filed in the Johnson county circuit court June 13, 1887, and, on the same day, V. E. Shaw, an attorney for the plaintiff, and in the plaintiff's behalf, made and filed an attachment affidavit (in lieu of the paper above quoted) and which, too, seems in proper form, signed and sworn to.

On October 20, 1887, defendants filed their motion to quash the writ of attachment issued on the twenty-ninth day of March, 1887, for the following reasons:

*First.* Because at the time of the issuance of said writ of attachment there had been filed no affidavit setting forth the grounds of the attachment filed in this cause, as required by the statutes, and that said writ of attachment and attachment proceedings, by reason thereof, are null and void. *Second.* Because said attachment proceedings are null and void upon their face.

In opposition to this motion, plaintiff submitted the affidavits of Mr. Shirk, plaintiff's attorney, Albert Parker, president of the plaintiff corporation, and M. W. Brady, the deputy clerk of the Pettis circuit

court—all tending to show that said Parker was sworn to the paper, heretofore copied, at the institution of the suit, and that, by mistake or oversight, Parker neglected to affix his signature thereto, and the clerk, for the like reason, neglected to sign the *jurat* and affix the court's seal. And thereupon the said Parker did affix his signature to said paper as the affiant, and Brady, as deputy clerk, signed the *jurat* annexed thereto. Whereupon the court overruled the motion to quash the writ of attachment, to which ruling defendants saved exceptions and now assign such action of the circuit court as error.

I. In calling for this extraordinary relief by attachment, whereby the power of the state is brought into action to seize on, and hold to, the assets of an alleged debtor until the creditor may, or may not, establish his claim, the law has imposed on him, seeking such aid in advance of a judgment in his favor, the giving a bond to secure defendant in case of wrongful attachment; and, further, to guard against indiscreet action as much as possible, the party asking the writ is required to file his affidavit ( or the affidavit of some one for him ) as to the nature and justice of his claim, as well as to allege therein the ground, or grounds, of attachment. It is, therefore, repeatedly, and very properly, held that this affidavit is an indispensable prerequisite to the issue of the writ of attachment. Without such affidavit, no court, or clerk thereof, has authority, or jurisdiction, to command, in the state's name, the seizure of a defendant's property. If, then, when the writ of attachment in this case was issued on March 29, 1887, there was not present, filed with the clerk, an affidavit for attachment, as the law requires, the issue thereof was wholly unwarranted, void and without jurisdiction, If, however, there was an affidavit, but defective, then it might be amended, and would support the writ.

We have no hesitancy in saying that the paper filed with the petition in this cause was not an affidavit, defective or otherwise. Webster defines an affidavit as "a sworn statement in writing ; a declaration or statement in writing signed and made upon oath before an authorized magistrate." "An affidavit," says BIGGS, J., in *Norman v. Horn*, 36 Mo. App. 419, "is a written statement or declaration sworn to before some officer authorized by law to administer oaths, and signed at the end by the affiant."

In *Hargadine v. VanHorn, supra*, NAPTON, J., speaking for our supreme court, uses this language : "In the present case there was no affidavit at all, that is, the paper described and referred to by the clerk as the one upon which the writ of attachment issued was not signed by any one, and was, therefore, no affidavit." It seems in the *Hargadine case* there was a *jurat* attached, signed by the officer administering the oath, and that Judges SHERWOOD and NORTON dissented. But even they, in a dissenting opinion, made no claim, or remark even, suggesting that such a paper as we have here could be deemed an affidavit. In his dissenting opinion, Judge SHERWOOD says : "It is the *official certificate* which gives authenticity to the written oath, and not the signature of the affiant." While, then, the entire court agreed to the necessity of the *jurat*, signed by the officer, three insisted on a like necessity of the *affiant's signature* to the paper to make an affidavit justifying an attachment.

In the case now under consideration the paper filed with the clerk as an affidavit for attachment is possessed of neither of the above requisites, It is signed by no affiant, nor authenticated by any officer authorized to administer oaths. It is nothing more, in effect, than a blank piece of paper wanting in every ingredient characterizing an affidavit. And, whatever may be the opinion of the minority in the *Hargadine case*, the majority of the court then held that a paper

assuming to be an attachment affidavit, but unsigned by the affiant, is no affidavit, and this ruling has not, to our knowledge, ever been overruled. The conflict arising from the decision in *Burnett v. McCluey*, 92 Mo. 230, is not upon this point. The affidavit in controversy there is the same dealt with in *Bray v. McCluey*, 55 Mo. 128, and in *Burnett v. McCluey*, 78 Mo. 676, and was simply that the attachment defendants were not residents of the state and such affidavit did not purport on its face to be an affidavit for attachment. It was held by a divided court, in the disposition of the two former cases, that the paper was not an affidavit for attachment; while in the ninety-second the court holds that it is an affidavit for attachment, and, though defective, was in a collateral proceeding sufficient to support a judgment. In no case, in this state or elsewhere, do we find that a mere blank paper, unsigned by the affiant and authenticated by any one authorized to administer oaths, was taken to fill the place of an attachment affidavit. Being, then, a mere nullity, the paper filed in this cause gave no authority to the clerk to issue the writ of attachment. And, being a nullity, there was nothing by which to amend, as was attempted in this case. *Owens v. Johns*, 59 Mo. 89; *Norman v. Horn*, 36 Mo. App. 419; *Hargadine v. VanHorn*, 72 Mo. 370; and cases cited, *supra*.

For the error, then, of the trial court in overruling the motion to quash the writ of attachment, the judgment is reversed and the cause remanded. All concur.

## ON MOTION FOR REHEARING

GILL, J.—I. On a reconsideration of this case we see no reason to withdraw from the position already taken, and must adhere to our former holding, to the effect that no jurisdiction in the attachment ever attached by the issue of the writ herein, for the reason that no affidavit for attachment was filed prior to the

issue of such writ, and that such writ was, therefore, void.

II.    Plaintiff's counsel, however, insists, that, even to admit that the writ of attachment was issued in the absence of an affidavit, yet that defendants waived the necessity thereof by appearing and pleading to an affidavit, subsequently filed in the court. We cannot concur with counsel on the position thus taken. It is well understood that, in the matter of jurisdiction over the *person*, a defendant may appear in court and submit himself to the jurisdiction thereof in the face of defective, or even *void*, process; and that he cannot thereafter complain of such want of process, since he will be deemed to have waived the necessity thereof.  However this rule has no application here, in a proceeding in its nature *in rem*—where the court seeks by its process to bring the thing in court, with the purpose of subjecting such thing to the payment of plaintiff's claim.  It is an extraordinary process, and the statute law has provided a means whereby the *res* may be brought into the jurisdiction of the court.  The presence or absence of the *defendant* in the suit has nothing to do with the presence or absence of the attached property.  In other words the defendant may be present and yet the defendant's *property* absent, or not within the court's jurisdiction. *Johnson v. Gilkeson*, 81 Mo. 59.  For example, a suit may be pending against a defendant who has been brought in by process, or who has appeared voluntarily and without process, yet if an attachment against his property is sought, in aid of such suit, the same affidavit is required to warrant the court in issuing the attachment writ, as if sued out in the beginning of the litigation. R. S. 1889, sec. 533.  The presence of an attachment affidavit is made an *absolute, indispensable* prerequisite to the court's *jurisdiction* to issue the writ. "The issue of the writ of attachment is a movement in

the exercise of jurisdiction; and there is *no lawful right to make* that movement, unless such ground be laid therefor, by affidavit, as the law prescribes. If there be no affidavit then the writ of attachment is *coram non judice* and void." Drake on Attachment [6 Ed.] sec. 89, *et seq.;* Waples on Att., pp. 76, 77. "No court has any jurisdictional right to issue the writ of attachment unless the statutory requirements be complied with, and where there are fatal defects in the affidavit (so that it amounts to no affidavit) then the attachment thereunder is void *ab initio.* The whole proceedings are not merely *voidable* but absolutely *void.* Waples on Proceedings in Rem., sec. 587, *et seq.;* secs. 595 and 86. "Jurisdiction over the subject-matter in attachment cases is *obtained only* by the levy thereon of a writ properly issued." *Hardin v. Lee,* 51 Mo. 244.

In our opinion then the writ of attachment, issued in this cause, was an attempted process without *jurisdiction.* The court did not thereby acquire jurisdiction over the subject-matter. It was a void proceeding from the beginning, and, as jurisdiction never attached, advantage thereof could be taken at any time. *Henderson v. Henderson,* 55 Mo. 534. And since the court never acquired, under the law, jurisdiction of the subject-matter, consent of parties cannot confer jurisdiction. *Bray v. Marshall,* 66 Mo. 122; *Baker v. Railroad,* 36 Mo. 543; *Fields v. Mohey,* 78 Mo. 176.

ELLISON, J., concurring, the motion for a rehearing is, therefore, denied.

SMITH, P. J. (*dissenting*).—I. Although I concurred in the opinion in this case, as is therein stated, I have become satisfied by further examination and reflection, that I erred in so doing, and I shall make this the occasion for changing my front in respect thereto, and for stating the reasons which have induced the change of conviction.

It will be observed from the statement of the case that the affidavit for attachment and the certificate of the clerk, appended to the plaintiff's petition, are unexceptionable, except that the name of the affiant was not signed to the affidavit, nor that of the clerk to his certificate. It was held by us that these omissions were fatal to the proceedings. As was said by Judge SHERWOOD in the dissenting opinion in *Hargadine v. VanHorn*, 72 Mo. 370, that the component parts of an affidavit are: *First*, the written oath; *second*, the signature of the deponent, and, *third*, the attestation of the administering of the oath by the officer, who did administer it. According to this definition, if either one of these component parts be lacking, the affidavit is incomplete. In this case, the first part of the affidavit, the written oath, is not lacking, but the other two parts thereof—the signature of the affiant and the attestation of the clerk, are wanting.

The question now is, whether this triparted affidavit for the attachment, with two specified parts thereof omitted, was a proper subject of amendment in the circuit court upon the application of the plaintiff for that purpose. It seems to me that the action of the court in allowing the amendment to be made was fully authorized by the statute — section 445 — which provides that attachments in courts of record may be dissolved on motion made on behalf of the defendant at any time before final judgment in the following cases: *First.* "When the affidavit upon which the same is founded shall be adjudged insufficient; but no such attachment shall be dissolved in such cause if the plaintiff file a good and sufficient affidavit to be approved by the court in such time and in such manner as the court shall direct; such affidavit may embrace the same ground of attachment as set forth in the previous affidavit, or any other grounds, or both at the option of the affiant." This statute is remedial, and

should be liberally construed. *Tevis v. Hughes*, 10 Mo. 241.

*En passant*, it may be remarked, that the statutes authorizing garnishments apply to actions by attachments. *Middleton v. Frame*, 21 Mo. 412. Now, if there was appended to the plaintiff's petition, an affidavit for an attachment, though insufficient—lacking in two essential parts—could the court, in the face of the statutory interdict, refuse to permit "the plaintiff to file a good and sufficient affidavit?" *Musgrove v. Mott*, 90 Mo. 107.

In *Norton v. Flake, Adm'r*, 36 Mo. App. 698, it was said, "the defendant's contention is, that the first affidavit being insufficient to confer jurisdiction, that it could not be amended. It may be well questioned whether the first branch of this contention is true, and, if so, whether or not the broad and comprehensive provisions of the statute do not authorize in express terms the exercise of the power of amendment in such case. The statute has made no distinction as to the power of amendment of affidavits for attachment." "In *State ex rel. Crain v. Lyon*, 51 Mo. 114, it was held that a justice of the peace, who has under the statute precisely the same power with respect to amendments of affidavits for attachment as courts of record, may, after judgment in an attachment suit, allow an amendment of an affidavit to be made so as to authorize the seizure of property otherwise exempt." As was said in *Norton v. Flake, Adm'r, supra*, "the question of the sufficiency of affidavits to confer jurisdiction has generally arisen in proceedings collaterally attacking judgments rendered thereon, and in such cases the question is sometimes very close and of great nicety, but in cases like this, when the proceeding is an original one, no reason appears why it should be so narrowly scanned where it is simply sought to amend it. The object of the law, no doubt, is in cases where there is a defect of

jurisdiction on account of some departure from the direction of the statute in the proceeding to allow an amendment and thus perfect the jurisdiction." The rule in this state now seems to be that the power of amendment cannot be invoked when there is abso- lutely nothing conferring jurisdiction, but only when it is defectively acquired. *Burnett v. McCluey*, 92 Mo. 230.

Again in respect to the affidavit it may be remarked that the statute nowhere requires it to be signed by the affiant, and in the absence of such requirement it would not be defective on account of not being signed. If the proper affidavit for attachment required by the statute is accompanied by the certificate of the officers before whom it is made, then it is complete. It need not be signed by the affiant. This is non-essential. *Smith v. Benton*, 15 Mo. 371; *Soswell v. The Church*, 46 Mo. 276; *Crum v. Elliston*, 33 Mo. App. 591.

In *Hargadine v. Vanhorn*, 72 Mo. 370 (see dis- senting opinion of SHERWOOD and NORTON, JJ.) it is said: "Under the statute an affidavit performs the same office in an action by attachment, as it does in that of replevin." The analogy is indisputable, and in the latter action we have held that an unsigned affidavit may be amended and that no question of jurisdiction arises in permitting such omission to be supplied by the amendment. *Crum v. Elliston*, *supra*. So that an unsigned affidavit is not defective for that reason, or if it is, then it is amendable.

Now then the affidavit in question is *insufficient* in only one essential particular and that is as to the signa- ture of the attesting officer, before whom it was made, as to his certificate. His certificate was complete in every respect. Now in *Bergesh v. Keivil*, 19 Mo. 127, which was an action of replevin where the affidavit required by the statute was signed by the plaintiff but was without the *jurat*—the certificate of the officer

Third Nat. Bank of Sedalia v. Garton.

before whom made, it is said, that *under such circumstances the trial court might have permitted the petition to be verified nunc pro tunc.* I am, therefore, constrained to think that the want of a *jurat* to the affidavit was not such an insufficiency as prevented the court from acquiring jurisdiction of the *res.* At most the jurisdiction was only defective, and was perfected by the filing of the amended affidavit which was complete in all its parts.

Whatever there is in *Bray v. McCluey*, 55 Mo. 128, and *Burnett v. McCluey*, 78 Mo. 676, that may be thought to conflict with the views herein expressed is disapproved of by a unanimous court in *Burnett v. McCluey*, 92 Mo. 230. In *Owens v. Johns*, 59 Mo. 89, there was no written oath at all, no affidavit required by the statute. There was, however, the *jurat* of the clerk appended to the petition. It was held that there was nothing to amend ; while this case decides nothing adversely to the views I have expressed, it may be well questioned whether the rulings there have not been touched upon by the provisions of the statute and some of the prior and subsequently decided cases of that court. It seems to me that if full force is given to the language employed in the opinion in that case, that it will be found to practically contravene the express provisions of the attachment statute, section 445, and the general statutory provisions of allowing amendments. In any view which I have been able to take of this case, I have been unable to discover that any error was committed by the circuit court in permitting an amended affidavit to be filed by the plaintiff.

II. But there is still another ground which may be urged in support of the action of the trial court, and which I think is impregnable. The sufficient affidavit filed by the plaintiff in the first instance stated a perfect statutory ground for an attachment. Now, if we ignore the existence of the second, or amended, affidavit,

and treat the first as the only one before the court, what effect then should be given to it? The defendant filed his plea in abatement thereto and thus waived the exceptions to it. *Henderson v. Drace*, 30 Mo. 358. The affidavit stated the constitutive facts required by the statute, and the minor defects complained of, I think, were, upon the general principle governing pleadings under our statute, waived by the plea in abatement, which was filed thereto. *Hill v. Morris*, 19 Mo. App. 256; *Silver v. Railroad*, 21 Mo. App. 5; *Bradley v. Ins. Co.*, 28 Mo. App. 7; *Scovill v. Glasner*, 79 Mo. 452. There is no ground for disturbing the judgment of the circuit court, and the motion for a rehearing ought, in my opinion, for the reasons already stated, to be sustained.