[No. 7,452.—Department Two.]
November 2, 1882.

## A. BLACKMAN ET AL. *v.* P. MARSICANO ET AL.

MECHANIC'S LIEN—CLAIM OF LIEN.—The claim of lien in this case, in stating *the terms, time given, and conditions of the contract*, used the words "cash upon demand, in gold coin of the United States." *Held:* A substantial compliance with the requirements of the statute.

ID.— ID.— CASE DISTINGUISHED.—*Hooper* v. *Flood*, 54 Cal. 221, distinguished.

APPEAL from a judgment for the defendants, and an order denying a new trial, in the Superior Court of the City and County of San Francisco.   CARY, J.

*Geo. D. Shadburne,* for Appellants.

The case of *Hooper* v. *Flood,* 54 Cal. 218, is not on all fours with this case. Assuming that the contract herein was of the most simple character, consisting, as it does, of an agreement that plaintiffs should furnish certain materials to be used in the construction of the building of defendant Marsicano, and that he should pay a stipulated price for said materials upon the delivery thereof, would the words " cash upon demand, in gold coin of the United States," indicate to a reasonable certainty that these were the terms, time given, and conditions of the contract? The standard dictionaries and this Court, in the above case, define the word cash to mean " money," or " ready money." By interpolating this definition into our claim it would read, "And the following is a statement of the terms, time given, and conditions of said contract, to wit, money, or ready money, upon demand, in gold coin of the United States."

*Roche & Desbeck,* for Respondents.

The words " cash upon demand in United States gold coin," indicate a contract neither simple nor complex, because they do not indicate any proposition at all. They indicate a physical thing. There is not a verb in the sentence. They do not show what was to be done, nor by whom; whether immediately, within a month or a year; whether a *quantum valebant* was to regulate the price, or a stipulated rate. The words certainly do not show that anything was to be paid for on delivery. Cash on demand might be before or after delivery. The words do not intimate anything about delivery.

It was the purpose of the Legislature, in framing this law, that the rights of sub-contractors and material-men should be ascertained by reference to the liens as filed, or should rest upon proof of contracts between them and the original contractor, such as accord with the terms and conditions set forth in the claims of lien. (*Goss* v. *Strelitz,* 54 Cal. 642.) In order to reverse this case, *Hooper* v. *Flood,* 54 id. 218, must be overruled.

The COURT:

The claim of lien in this case, in stating the terms, time given, and conditions of the contract, used the words, " cash upon demand, in gold coin of the United States." This was a substantial compliance with the requirement of the statute. The case of *Hooper* v. *Flood* (54 Cal. 221) presented a statement quite different in effect from that here presented.

Judgment and order reversed, and cause remanded for a new trial.