SANFORD M. HILLS, RESPONDENT, v. AUGUSTUS OEHLIG ET AL., PATRICK HOLLINAN, APPELLANT.

MECHANIC'S LIEN—SUFFICIENCY OF CLAIM.—The action was brought to enforce a mechanic's lein. The claim filed was objected to on the ground that it did not state the *time given* as required by the statute. It purported, however, to state the terms and conditions of the contract, and it did not appear that there was any express agreement as to *time*. *Held*, that the objection could not be sustained.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*J. C. Bates*, for Appellant.

*L. J. Hardy*, for Respondent.

PER CURIAM.— Action to foreclose a mechanic's lien.

The only point presented for decision relates to the claim of lien filed in the recorder's office. The claim as filed states that the plaintiff was by the contract to perform the work and labor and furnish materials for the alteration, construction, and repairing of a certain building, that he did perform the work and labor and furnished materials for the purpose indicated, that it was agreed he was to be paid for the same what they should be reasonably worth, and that they were reasonably worth $601.80.

The law requires that the claim filed shall contain *inter alia* a statement of the terms, time given, and conditions of the contract (Code Civ. Proc., § 1187), and it is urged that the *time given* was not stated in the claim. So far as we can see, all the terms and conditions are stated. We cannot judicially say that they are not stated as agreed on by the parties and expressed in the contract. The words of the statute, "time given," in our judgment mean the time of payment for the work and labor performed and materials furnished, as agreed on and expressed in the contract. As said above, we cannot say that the contract is not accurately stated ; that is, stated as made and agreed on. If this is so, no distinct time was agreed on, but the time of payment was left to the rule fixed by the law on such a state of facts. When this is

the case, no time is given in comtemplation of law, and the requirement that the "time given" must be stated does not apply. If the words "time given" refer to the time agreed on for the completion of the contract, and no period of time for such completion is fixed by the contract, but such time is allowed as the law gives, the same rule applies, and no time need be stated in the claim.

We are of opinion that the claim, as filed, complied with the statute, and is sufficient.

Judgment affirmed.

Hearing in Bank denied.