[Nos. 9816, 9817.   Department Two.—February 21, 1887.]

## WILLIAM TREDINNICK ET AL., RESPONDENTS, *v.* RED CLOUD CONSOLIDATED MINING COMPANY ET AL., APPELLANTS.

MINER'S LIEN — STATEMENT OF TERMS, TIME GIVEN, AND CONDITIONS OF CONTRACT. — Under section 1187 of the Code of Civil Procedure, a claim of lien for labor performed on a mining claim, which states the kind and number of days of labor, with the dates between which it was performed, the price agreed to be paid therefor per day, and the aggregate amount due, and that "the terms of payment for said labor were cash as soon as said labor was performed," sufficiently shows the terms, time given, and conditions of the contract.

ID. — DESCRIPTION OF PROPERTY BY COMMON NAME. — A description in the claim of lien of the property on which the labor was performed as "that certain mine commonly called the Red Cloud Mine, situate in the Bodie Mining District, Bodie township, in Mono County," is sufficient to identify the property to be charged with the lien, when it appears from the evidence that the mine was well known, and commonly spoken of as the "Red Cloud Mine," and that the word "mine" meant the whole claim or body of mining ground.

ID. — EVIDENCE — CHARACTER AND AMOUNT OF LABOR. — On a review of the evidence, and of certain admissions made by the defendants at the trial, *held*, that the proof as to the character and amount of labor performed by the plaintiff was sufficient to support the judgment.

ID. — CONSOLIDATED MINING LOCATIONS — DESIGNATION OF AMOUNT DUE. — Section 1188 of the Code of Civil Procedure, providing in effect that when a claim of lien is filed against two or more mining claims owned by the same person, the claimant, in order to gain priority over other lienors, must designate the amount due to him on each mining claim, does not apply to a case where the property on which the labor was performed originally consisted of several mining locations which had been consolidated, and were owned and worked as one mine by the person against whom the lien is filed.

APPEALS from a judgment of the Superior Court of Mono County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wallace, Greathouse & Blanding, Van Ness & Roche,* and *Louis T. Haggin,* for Appellant Wadsworth.

*Craig & Meredith,* for Appellant Red Cloud Consolidated Mining Company.

*P. W. Bennett,* and *P. Reddy,* for Respondents.

BELCHER, C. C.—This is a joint action brought by William Tredennick and twenty-nine other persons, as plaintiffs, to enforce liens for labor severally performed by them in and upon a mining claim known as the Red Cloud Mine. The mine was situate in Mono County, and was owned and worked by the defendant the Red Cloud Consolidated Mining Company. Henry Wadsworth was joined as a defendant in the action, because he had a judgment lien against the mine, which, as alleged by plaintiffs, was subsequent and subordinate to their liens.

In the court below judgment was rendered in favor of the plaintiffs. The defendants separately moved for a new trial, and their motions being denied, separately appealed from the judgment and order.

The two appeals may be considered together.

The Code provides that when one seeks to fasten a lien upon another's property, he must file with the county recorder his claim, containing, among other things, " a statement of the terms, time given, and conditions of his contract, and also a description of the property to be charged with the lien, sufficient for identification." (Code Civ. Proc., sec. 1187.)

It is urged for the appellants that the claims filed by the plaintiffs do not contain the statement and de-

scription required by the statute, and are therefore fatally defective and insufficient.

The provisions of the Code referred to " are to be liberally construed, with a view to effect its objects, and to promote justice," and not strictly, as claimed. (Code Civ. Proc., sec. 4.)

So construed, were the claims sufficient to create valid liens?

We think they were. In each of them was set forth the kind and number of days of labor performed, with the dates between which it was performed, the price agreed to be paid for the labor per day, with the aggregate amount then due, and " that the terms of payment for said labor were cash, as soon as said labor was performed." This was a substantial compliance with the requirements of the statute as to the statement of the terms, time given, and conditions of the contract. (*Blackman* v. *Marsicano*, 61 Cal. 638; *Hills* v. *Ohlig*, 63 Cal. 104.)

The property on which the labor was performed was described as "that certain mine, commonly called the Red Cloud Mine, situate in the Bodie Mining District, Bodie. township, in said county, and hereinafter more particularly described." The particular description is by sixteen courses and distances, commencing at a point easily ascertainable, and running around to the place of beginning, " containing 35.31 acres, and known as the Red Cloud Mine." The fourth course reads: " Thence, 4th, 67° 45′ E., 1.51 chains to N. E. cor. Gibraltar," when it should have been: " Thence, 4th, S. 67° 45′ E.," etc. The fifth course reads: " Thence, 5th, S. 22° 15′ N., 11.07 chains to N. boundary Top Gallant Royal," when it should have been: " Thence, 5th, S. 22° 15′ W.," etc. The twelfth course reads: " Thence, 12th, S. 49° 30′ E., 1.06 chains to N. E. cor. Westchester," when it should have been: " Thence, 12th, S. 49° 30′ E., 1.86 chains," etc.

It is claimed for the appellants that, on account of these errors, it becomes impossible to trace all of the exterior lines of the mine, and for that reason the description is insufficient.   On the other hand, it is contended for the respondents that " Gibraltar," " Top Gallant Royal," and " Westchester " are names of adjoining, well-known, and defined mining claims, which are monuments, and must control the courses and distances.  As they are used, these names seem to have been intended to represent monuments of some kind, and we cannot know judicially that they do not efficiently serve the purpose claimed for them.

But however this may be, we think the description by name was sufficient for the identification of the property. It appears from the evidence that the mine was well-known, and commonly spoken of as the " Red Cloud Mine"; and by the word " mine " was not meant " a subterranean cavity or passage, especially a pit or excavation in the earth, from which metallic ores or other mineral substances are taken by digging," as that word is defined by Webster, but the whole claim or body of mining ground.

In *Hotaling* v. *Cronise,* 2 Cal. 63, which was an action to enforce a mechanic's lien, the notice filed described the property as " the wharf situated on Battery Street, between Pacific and Jackson streets, in San Francisco." The court said: " We think the description of the property sufficiently certain. . . . . It is sufficient if the claim be set forth with convenient certainty."

In *Tibbetts* v. *Moore,* 23 Cal. 212, which was a similar action, the property was described in the notice filed as a quartz mill, being at or near the town of Scottsville, in Amador County, known as " Moore's New Quartz Mill." There was no evidence that there was any other quartz mill at the place named so designated as to render it uncertain which was intended, and it was held that the description was sufficient to identify the property and

uphold the lien. In *Haley* v. *Amestoy*, 44 Cal. 132, the action was ejectment, and the principal question in the case related to the description of the premises found in the deed under which the defendants claimed. There were two descriptions, one by name, and the other by courses, distances, and monuments. It appeared from the evidence that the property was well known by the name given to it, but the description by courses and distances was so erroneous that the lines could not thereby be traced. It was held that the description by name was sufficient, and that the other description might be disregarded. The same rule has been since embodied in the Code. (Civ. Code, sec. 1092.)

If the foregoing cases are correct expositions of the law, we fail to see why the description by name was not sufficient to meet all the requirements of the statute in this case.

It is further claimed for the appellants that the proof as to the character and as to the amount of labor performed by plaintiffs is insufficient to support the decree, and also that " it does not appear from the evidence that any of the plaintiffs other than William Dunn, John Tredinnick, and Watkin Morgan had not at the time of the commencement of the action been paid in full for all services, if any, rendered."

In the answer of the defendant corporation, it is admitted that each of the plaintiffs performed labor upon its mine at the times, and in the capacity, and for the agreed rate of wages alleged in the complaint, and that the sums of money respectively claimed to be due them for such labor were due and unpaid. In the answer of defendant Wadsworth, it is alleged that he has no information sufficient to enable him to answer the averments of the complaint, and for that reason he denies that any of the plaintiffs performed labor upon the mine in the capacity alleged, or in any capacity, or that any money was due them and unpaid for such labor.

At the commencement of the trial, it was admitted by counsel appearing for both defendants "that plaintiffs John Tredinnick and William Dunn worked for the Red Cloud Consolidated Mining Company the number of days specified in the complaint"; and later in the trial it was further admitted " that each of the plaintiffs, except William Dunn and John Tredinnick, performed labor for the Red Cloud Consolidated Mining Company, on the property of the Red Cloud Consolidated Mining Company, for the number of days and at the rate of wages mentioned in the complaint, and to the amounts alleged by them respectively, and that they have not been paid for said labor."

It was proved that William Dunn worked on the Red Cloud mine at the hoisting-works as engineer; that he worked on the hoisting-engine, which lowered and hoisted the men and rock; that the water was raised from the mine by a pump, and that John Tredinnick was "pump-man"; that all the other plaintiffs worked in and upon the Red Cloud mine; that the mine was owned and worked by the Red Cloud Consolidated Mining Company, and so far as the witness knew, the company had no other property in the mining district.

These proofs, with the admissions made, were in our opinion quite sufficient to meet the objection above referred to, and justify the judgment which was entered.

The point is made for the appellant Wadsworth that the liens of the plaintiffs are made by the code subordinate to his lien, and that the court erred in not so treating them.

The code provides: —

" In every case in which one claim is filed against two or more buildings, mining claims, or other improvements owned by the same person, the person filing such claim must at the same time designate the amount due to him on each of such buildings, mining claims, or other improvements; otherwise the lien of such claim is post-

poned to other liens. The lien of such claimant does not extend beyond the amount designated, as against other creditors having liens, by judgment, mortgage, or otherwise, upon either of such buildings or other improvements, or upon the land upon which the same are situated." (Code Civ. Proc., sec. 1188.)

It was proved that the entire property known as the Red Cloud mine was made up of what were originally several mining locations, but that these locations or claims had been conveyed to the Red Cloud Consolidated Mining Company, and had been by it consolidated together, and held, worked, and treated as one mine or claim.

Under the circumstances shown, we do not think the section invoked applies. It has been common in this state to consolidate two or more mining locations into one claim, and thereafter to treat and work them as one claim. After such a consolidation the different locations cease to constitute different claims, and become in law, as they are in fact, only parts of one claim. The plaintiffs' labor was performed upon the property as a whole, and they were entitled, as we think, under the proofs to claim liens upon it as a whole.

We find no error in the record prejudicial to the appellants, and the judgment and orders should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and orders are affirmed.

Hearing in Bank denied.