RUSS LUMBER AND MILL COMPANY, Respond-
ENT, v. G. A. GARRETTSON ET AL.   G. A. GAR-
RETTSON, Appellant.

Mechanic's Lien — Foreclosure — Pleading — Demurrer — Appeal —
Objection for First Time. — An objection to the complaint in an
action to foreclose a lien for materials furnished a contractor, on the
ground that it states merely a conclusion of law as to the amount due
and owing from the owner to the contractors, and that it contains no
specific averment as to what was the contract price between them or
that there was any express agreement to pay anything, or what was the
reasonable value of the work to be done, can only be raised by demurrer,
and cannot be urged for the first time on appeal.

Id. — Notice of Claim to Owner — Duty of Owner. — Under sections
1183 and 1184 of the Code of Civil Procedure, whether a building con-
tract is recorded or not, if proper notice is given to the owner, by a
material-man, of the material furnished to the contractor, it is the duty
of the owner to withhold from the contractor sufficient money to pay
the claim, if it is then due or afterwards becomes due.

Id. — Contents of Notice — Pleading. — A complaint alleging that mate-
rials were furnished by the plaintiff for the construction of a building at
the request of contractors named, and stating in general terms the kind
and total price of the materials, and that the plaintiff gave the owner a
written notice that it had agreed to furnish the materials "as aforesaid,"
sufficiently shows the contents of the notice to meet the requirements
of section 1184 of the Code of Civil Procedure.

Id. — Copy of Claim of Lien — Pleading. — The contents of the claim of
lien may be pleading by attaching a copy thereof to the complaint, and
making it a part thereof by apt reference.

Id. — Claim of Lien — Substantial Compliance with Statute. — A
claim of lien is sufficient if it substantially complies with the statute.

Id. — Name of Owner of Building. — A claim of lien stating that a per-
son named was the owner of a lot of land described, and that he entered
into a contract with persons named to erect and finish a building on
the lot, which was completed at a time named, sufficiently states that
the owner of the lot was the owner of the building, and designates the
name of the owner of the building.

Id. — Terms of Contract. — A statement in the claim of lien that the
claimant furnished the materials under a contract with the contractors
named, by which they agreed to pay the market value thereof at the
date of delivery in cash, and showing the whole value of the materials
furnished and balance unpaid, sufficiently shows the names of the per-
sons to whom the materials were furnished and the terms of the contract.

Id. — Claim of Charge upon Property. — A statement in the claim of
lien that the claimant " claimed the benefit of the provision of the Code

of Civil Procedure relating to lien of mechanics on real property" sufficiently purports to charge the property described in the claim.

Id. — General Finding — Validity of Lien — Support of Judgment. — A general finding to the effect that the plaintiff's claim of lien duly verified was filed for record in the office of the recorder of the county where the premises are situated, pursuant to the Code of Civil Procedure, and that said claim of lien is in due form, and was filed in due time, and is a valid subsisting claim of lien under the law, is sufficient to support a judgment foreclosing the lien.

Id. — Lien for Materials — Judgment against Contractors — Foreclosure. — A judgment against the contractors to whom the materials were furnished is not necessary to support the lien of the material-man; and the fact that the contractors are parties defendant, and no judgment is taken against them, is not ground for reversing a judgment foreclosing the lien against the owner of the building.

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*L. L. Boone*, for Appellant.

*Reinoehl & Harrison*, for Respondent.

Belcher, C.— The plaintiff, a corporation, brought this action to foreclose a lien for materials furnished for and used in the erection of a building on land owned by defendant Garrettson.

It is alleged in the complaint that on the seventeenth day of February, 1888, defendant Garrettson entered into a contract with defendants Wanberg & Nelson, whereby they agreed to erect and finish for him a building on a certain described piece of land; that on various occasions between the twenty-second day of February and the twentieth day of May, 1888, the plaintiff, at the instance and request of the contractors, furnished materials, viz., lumber, laths, shingles, and windows, to be used and which were actually used in the erection and construction of the building specified in the contract; that the market value of the materials so furnished, and the amount agreed to be paid therefor, is the sum of $1,112.56,

of which sum $300 has been paid, and the balance of
$812.56 is still due, owing, and unpaid to the claimant;
that on the twenty-third day of February, 1888, the
plaintiff duly gave to Garrettson a written notice that it
had agreed to furnish the materials as aforesaid for the
erection of said building, and thereafter there became
and was due and owing from him to the contractors, on
account of the contract, an amount largely in excess of
the balance so due and unpaid to plaintiff, and sufficient
to answer its claim, including costs and attorney's fees;
that Garrettson is now, and during all the time herein
specified was, the owner of the lot of land on which the
building was erected, and all thereof is necessary for the
convenient use and occupation of the building; that on
or about the twentieth day of June, 1888, the building
was completed, and thereafter, on the thirteenth day of
July following, plaintiff, for the purpose of securing and
perfecting a lien for the moneys so due upon the build-
ing and land described, under the provisions of chapter
2, title 4, part 3, of the Code of Civil Procedure, filed for
record in the recorder's office of the county in which
the property was situated, its claim of lien, which was
duly verified, and three days later duly recorded, and
a copy of which, marked "Exhibit A," was attached to
and made a part of the complaint.

Defendant Garrettson demurred to the complaint, on
the ground that it did not state facts sufficient to consti-
tute a cause of action, "for the reason that the instrument
set forth in said complaint as exhibit A, and purporting
to be a notice of claim filed for record in the recorder's
office, does not comply with the statute in such cases
made and provided, inasmuch as there are no words or
clauses contained therein which set out a claim of lien
on certain property to be charged therewith, and the
statement of demand is entirely wanting," and also on
the ground that the complaint was ambiguous, uncer-
tain, and unintelligible, "for the reason that it appears

upon the complaint that the contract therein was for an amount exceeding one thousand dollars, from the sum of money therein set forth, and from the fact that Wanberg & Nelson are made parties defendants; but it does not state whether there was a written contract filed in accordance with law, or set out said contract in the complaint as the best evidence." The demurrer was overruled, and he then answered.

The case was tried, and judgment rendered foreclosing the lien, as prayed for. From that judgment Garrettson alone appeals, without any statement or bill of exceptions.

It is argued for appellant that the complaint was insufficient, because there was no averment as to what was the contract price between the owner and contractors, or that there was any express agreement to pay anything, or as to what was the reasonable value of the work to be done; and hence, it is said, there was nothing to show that any sum ever became due under the contract from the owner to the contractors.

It is true that neither the contract price nor the reasonable value of the work was specifically set forth in the complaint; and the averment that after the plaintiff gave Garrettson written notice that it had agreed to furnish the materials, there became and was due and owing from him to the contractors, on account of the contract, an amount in excess of the balance due and unpaid to the plaintiff, was a statement of conclusions of law rather than of facts. And of course this statement, if tested by demurrer, would have been insufficient. It was, however, not so tested, nor was it in any way traversed by the answer. The point seems to be made here for the first time. Under such circumstances, we think the complaint should be held sufficient in this regard.

In this connection it is suggested that if Garrettson agreed to pay a price for the erection of his building, and the amount exceeded one thousand dollars, the contract was void, unless properly recorded; and if the ·

amount was less than one thousand dollars, he was not required to reserve twenty-five per centum thereof for thirty-five days after the building was completed, but could pay the price at any time and in any way agreed on by the parties. And it is said, for aught that appears in the complaint, the price may have been fully paid before the work commenced, or may have been a prior indebtedness. But the statute, after providing that if the contract price exceeds one thousand dollars, the contract, or a memorandum thereof, must be recorded or otherwise be wholly void, goes on to say, "and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." (Code Civ. Proc., sec. 1183.) And the next section (Code Civ. Proc., sec. 1184) has this provision: "Any of the persons mentioned in section 1183, except the contractor, may, at any time, give to the reputed owner a written notice that they have performed labor or furnished materials, or both, to the contractor, or other person acting by authority of the reputed owner, or that they have agreed to do so, stating in general terms the kind of labor and materials, and the name of the person to or for whom the same was done or furnished, or both, and the amount and value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done or furnished, or both. . . . . Upon such notice being given, it shall be the duty of the person who contracted with the contractor to, and he shall, withhold from his contractor, or from any other person acting under such reputed owner, and to whom by said notice the said labor or materials, or both, have been furnished, or agreed to be furnished, sufficient money due, or that may become due, to such contractor, or other person, to answer such claim and any lien that may be filed therefor for record under this chapter, including counsel fees.

not exceeding one hundred dollars in each case, besides reasonable costs, provided for in this chapter."

Under these provisions, whether the contract was recorded or not, if proper notice was given, and if sufficient money was then due, or afterwards became due, from the owner to the contractors, to pay the plaintiff's claim,— and that sufficient did become due is not denied or questioned,—it was the duty of the owner to withhold the same from the contractors, and the plaintiff is now entitled to have his claim of lien therefor enforced.

But it is urged that it does not appear what were the contents of the notice given by the plaintiff to the owner, and that it should therefore be held insufficient to meet the requirements of section 1184 of the code. The complaint alleges that the plaintiff furnished the materials to be used in the construction of the building, stating in general terms the kind of materials, at the instance and request of the contractors, naming them, and that the amount agreed to be paid for all thereof was $1,112.56. It is then alleged that the plaintiff gave to the owner of the property a written notice that it had agreed to furnish the materials *as aforesaid*, etc. The words "as aforesaid" evidently referred to the materials and the persons to whom they were furnished and the value thereof as before stated, and hence we think the notice must be held sufficient.

It is also objected that the complaint must allege that a claim of lien has been verified and filed, containing certain statements, and that the complaint is insufficient in this respect. It was alleged that a claim of lien was verified and filed, and a copy thereof was attached to and made a part of the complaint, and whether it contained the required statements or not was shown by the lien itself.

It is further objected that the claim of lien is defective in that it does not purport to charge the property, nor state the name of the owner of the building, nor state to

whom the materials were furnished, nor the terms of the contract.

A substantial compliance with the statute is all that is required.  (*Tredinnick* v. *Mining Co.*, 72 Cal. 78.)

The claim of lien states that Garrettson was the owner of a lot of land, which is described, and that he entered into a contract with Wanberg & Nelson by which they agreed to erect and finish for him a building on the lot, and that the building was completed at a time named; that the plaintiff furnished the materials under a contract with Wanberg & Nelson, by which they agreed to pay the market value thereof at date of delivery, in cash, and the whole value and balance unpaid are stated; and that the plaintiff, on a day named, duly gave a written notice to Garrettson that he had agreed to furnish the materials as aforesaid, wherefore it claimed the benefit of the provisions of the Code of Civil Procedure relating to liens of mechanics on real property.

The above seems to be a sufficient statement that Garrettson was the owner of the building which was erected for him on his land, and that the materials were furnished to Wanberg & Nelson, his contractors.  To say that the name of the owner of the building, and the names of the persons to whom the materials were furnished, are matters of mere inference, since it does not *necessarily* follow that the owner of the land is the owner of the building, and the materials *might* have been furnished to a subcontractor or other persons, seems to us to be not even a plausible argument.  So the terms of the contract, we think, were sufficiently stated.  (See *Hills* v. *Ohlig*, 63 Cal. 104, and *Jewell* v. *McKay*, 82 Cal. 144.)  And the demand that the plaintiff have the benefit of the law relating to liens was a sufficient statement that it claimed a lien on the described lot of land with the building thereon.

It is objected that there is a variance between the contract set out in the complaint and that set out in the

claim of lien. We see no material variance. The contract, as set out in both papers, seems to be substantially the same.

It is also objected that the findings of the court are insufficient to support the judgment. This is rested upon the tenth finding, which reads as follows: "That on the thirteenth day of July, 1888, plaintiff, for the purpose of securing and perfecting a lien for the money so due it, as aforesaid, upon the land and premises and building aforesaid, hereinafter described, pursuant to the provisions of chapter 2, title 4, part 3, of the Code of Civil Procedure of the state of California, filed for record in the office of the recorder of San Diego County, California, where said premises are situated, its claim therefor duly verified in its behalf by its manager, S. S. Johnson, and that said claim of lien is in due form and was filed in due time, and is a valid subsisting claim of lien under the law."

We think the finding sufficient.

Lastly, it is said that there is no judgment against the parties personally liable, and that such judgment is necessary to support the lien. We know of no law or decision supporting this position. The case of *Phelps* v. *M. C. G. M. Co.*, 49 Cal. 336, cited in support of it, only holds that the material-man, in an action to enforce a lien, was not entitled to a personal judgment against the owner.

We find no material error in the record, and advise that the judgment be affirmed.

Hayne, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed, and the court below is directed, upon the filing of the *remittitur* therein, to allow the plaintiff, as a part of the costs upon this appeal, a reasonable fee for the services of its attorneys in this court.

Hearing in Bank denied.