[S. F. No. 3422.  Department One.—February 25, 1905.]

## DANIEL CASTAGNETTO, Respondent, v. COPPERTOWN MINING AND SMELTING COMPANY et al., Defendants; LORENZO COSTA, Appellant.

MECHANICS' LIENS—NOTICE—SUBSTANTIAL COMPLIANCE WITH STATUTE—LIBERAL CONSTRUCTION.—While the courts always require a substantial compliance with the statute in regard to the statement in the notice of lien and the proceeding thereunder, yet they will not give the statute such a narrow or technical construction as to fritter away, impede, and destroy the right of the lien claimant. The statute is remedial, and is to be liberally construed; and the notices which under its provisions are required to be given have regard to substance rather than form.

ID.—LIENS OF LABORERS UPON MINING CLAIM—SUFFICIENCY OF NOTICE. —A notice of lien for labor done upon a mining claim is sufficient

if it substantially states the facts required by the statute; and mere technical objections as to its form will not be regarded.

ID.—NAMES OF OWNER AND EMPLOYER—RELATION BETWEEN THEM.— Where the notice correctly states the name of the owner of the mining claim, and states that the labor was done at the 'request of a person described as superintendent of a mining company in possession of and operating the mine, it substantially states 'the claimant was employed by such person. It need not state the relation between the owner or employer, nor show the title of such mining company. Whether, the facts being substantially stated, the employer had authority to bind the owner is matter for allegation and proof at the trial.

ID.—TERMS OF CONTRACT—SUFFICIENCY OF STATEMENT.—The statement in the notices of a laborer's lien that the labor was performed by the day, at an agreed price per day, between specified dates, and that the amount thereof is justly due and owing, sufficiently shows the terms, time, place, and conditions of the contract of the laborer, and substantially complies with the statute.

ID.—STATEMENT OF PLACE OF LABOR—TECHNICAL OBJECTION.—Where the lien is claimed upon a "mining claim," and the court finds that it was done "in and upon the said mines," an objection that it states that the labor was performed "on that certain copper mine," and does not state that it was performed "in a mining claim," is extremely technical and will not be regarded. If the labor was not performed in the mining claim it could have been easily proven at the trial.

ID.—ALLOWANCE OF ATTORNEY'S FEE—DISCRETION—EVIDENCE NOT IN RECORD.—The trial court has discretion, in view of all the facts before it, as to the amount to be allowed for attorney's fee; and though the amount of seventy-five dollars for each of twelve separate liens seems on its face to be large, the discretion of the court will not be interfered with where the record upon appeal from the judgment does not disclose the evidence in regard to the amount of the services rendered, upon which the court acted.

ID.—DECREE OF FORECLOSURE—BARRING OF RIGHT OF REDEMPTION.— The decree of foreclosure of liens cannot properly bar the right of redemption from the date of the sheriff's sale, but only from and after the delivery of the sheriff's deed after the sale.

APPEAL from a judgment of the Superior Court of Mariposa County. John M. Corcoran, Judge.

The facts are stated in the opinion.

Congdon & Congdon, E. B. Young, and Aylett R. Cotton, for Appellant.

J. J. Trabucco, R. B. Stolder, and J. S. Larew, for Respondent.

COOPER, C.—This action was brought by plaintiff in his own right, and as assignee of several other parties to foreclose liens for labor performed in a mining claim on the premises of appellant described in the complaint. He recovered judgment for the amount of the claims, interest, and attorney's fee. A decree was accordingly entered, directing a sale of appellant's property to satisfy the judgment. From the judgment this appeal is taken by Costa, the owner of the premises. The appeal being from the judgment without any bill of exceptions, we must presume that the findings are supported by the evidence. No question is made as to the judgment not being the legal conclusion from the facts found.

The main point relied upon is, that the demurrer to the complaint should have been sustained, and this goes to the sufficiency of the notices of liens, as they are each annexed as an exhibit to the complaint and made a part thereof. The notices are all practically in the same form and subject to the same criticism, and the discussion of the first one—that of plaintiff's individual claim—will be sufficient. It is, so far as material here, as follows:—

"Know all men by these presents:

"That I, Daniel Castagnetto, a resident of Hunter's Valley, in the county of Mariposa, state of California, have done work and performed labor by the day at agreed price of two 75-100 dollars per day on that certain copper mine situated in Hunter's Valley Mining District, in the county of Mariposa, state of California, known as and called the Tandem Copper Mine and Mill Site, . . . that such work was done by me between the first day of August, A. D. 1901, and the twentieth day of September, A. D. 1901, at the instance and request of A. V. Oliver, who was the superintendent of the Coppertown Mining and Smelting Co. (a corporation), which was then and there in the possession of and was operating said mine; that the name of the reputed owner of said mine and mill-site is Lorenzo Costa; that thirty days have not elapsed since the last work and labor was done and performed by me on said mine; that after deducting all just credits and offsets to my said demand there is now justly due and owing to me thereon

the full sum of one hundred and forty 25-100 dollars, for which sum I intend to claim and hold and do hereby claim and hold a miner's lien upon said mining claim, together with its improvements and appurtenances, under and by virtue of the statute in such case made and provided.''

It was signed and properly verified.

The first objection made to it is, that it fails to state what the title of the Coppertown company was or what relation existed between the company and appellant. The statute only requires in this regard that a notice of laborer's lien shall state the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed. (Code Civ. Proc., sec. 1187.) This notice states the name of the reputed owner, who is found to be the owner in fact; it states that the labor was performed at the request of Oliver, which is substantially a statement that the claimant was employed by Oliver. The statute does not require the lien claimant to state in his notice the relation that exists between the person occupying or in possession of the property and the owner. It would often be a matter beyond the knowledge of the claimant, and difficult, if not impossible, to ascertain. These notices of lien are often made out on a blank form by the claimant or some friend or person not versed in the law, and are surrounded with sufficient difficulties and obstacles by requiring that the statute be substantially complied with, without imposing terms and conditions not required by the statute. A substantial statement of the facts required by the statute is sufficient. Whether, the facts being truly stated as required by the statute, the person in possession of the property or the person by whom the laborer was employed had authority to bind the owner, as agent, is a matter for allegation and proof at the trial. (*Davies-Henderson Lumber Co.* v. *Gottschalk,* 81 Cal. 641; *Reed* v. *Norton,* 90 Cal. 590.)

It is next urged that the notice does not give the statement of the "terms, time given, and conditions of its contract." It states that the labor was performed by the day at the agreed price of $2.75 per day, between the first day of August and the twentieth day of September, 1901, and that the amount is justly due and owing. This is a statement sufficient as to the claim of a laborer. He was to be paid by the day an agreed

price, to labor in à certain mine, described in the notice. There are no conditions or terms mentioned that are left uncertain or in doubt. Every one knows what such a contract of employment means. It was a substantial compliance with the statute. (*Tredinnick* v. *Red Cloud etc. Mining Co.,* 72 Cal. 78; *Blackman* v. *Marsicano,* 61 Cal. 638.)

Objection is made that the notice does not show or state that the labor was performed "in a mining claim," but "on that certain copper mine." Again, we think the objection extremely technical. It appears that the plaintiff claims a "miner's lien upon said mining claim." If the labor was not performed in the mining claim, it could have been easily proven at the trial. The court found that the labor was performed in and upon the said mines.

It was said by Judge Field in *Smelting Co.* v. *Kemp,* 104 U. S. 649, that in one sense the terms "his mining claim" and "location" are "identical and the two designations may be indiscriminately used to denote the same thing."

The court held in *Malone* v. *Big Flat Gravel Mining Co.,* 76 Cal. 585, that work in a blacksmith-shop in making pipe and sharpening picks and drills used in mining was "work upon the mine" for which the laborer had a lien.

In *Hamilton* v. *Delhi Mining Co.,* 118 Cal. 150, the notices of liens of the laborers described the work as performed "on the plant and consolidated mines of defendant," and the liens were held good, although the point here was not discussed.

In *Helm* v. *Chapman,* 66 Cal. 291, this court, in speaking of a lien on a mining claim, said: "The intention of the lawmakers seems to have been to give a lien upon the whole claim for labor performed on, and for material furnished for and used in any structure or on, or in, the alteration or repair of any structure, or on, or in, the mining claim." While the courts always require a substantial compliance with the statute in regard to the statement in the notice of lien and the proceedings thereunder, yet they will not give the statute such a narrow or technical construction as to fritter away, impede, and destroy the right of the lien claimant. (*Ascha* v. *Fitch,* (Cal.) 46 Pac. 298; *Hagman* v. *Williams,* 88 Cal. 151; *Russ Lumber Co.* v. *Garrettson,* 87 Cal. 595; *McGinty* v. *Morgan,* 122 Cal. 105.)

In the latter case it is said: "The statute is a remedial statute, and, for the purpose of carrying it into effect, the object for which is was enacted is to receive a liberal construction, and the notices which under its provisions are required to be given have regard to substance rather than to form."

The above statement was repeated and quoted with approval in *Macomber* v. *Bigelow,* 126 Cal. 16.

Finally it is suggested that the court erred in allowing seventy-five dollars for attorney's fee in each of the twelve separate liens, making nine hundred dollars in all. The fee certainly seems on its face to be large, but we cannot upon the record before us say that it is more than the court in its discretion should have allowed. (See *Pacific Mut. Life Ins. Co.* v. *Fisher,* 106 Cal. 234.) It is admitted that the judgment and decree should not have barred the appellant from all right at any time to redeem the said premises after sale.

The decree should be modified by inserting therein after the sentence "and forever barred and foreclosed of all right and equity of redemption of, in, or to said premises" the following: "From and after the delivery of the sheriff's deed, after sale as hereinafter provided."

As so modified, the judgment should be affirmed, the respondent to recover his costs on this appeal.

Harrison C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment as modified is affirmed, the respondent to recover his costs on this appeal.          Angellotti, J., Van Dyke, J.

SHAW, J., concurring.—I concur. The court below, knowing the time occupied in the trial, the difficulties presented, and the labor, knowledge, and skill required in the conduct of the case throughout, together with the facts appearing from the papers on file, could therefrom make a just estimate of the value of the services of the plaintiff's attorney. But this court, seeing only the judgment-roll, cannot from that alone intelligently review the decision of the lower court on the subject. If it affirmatively appeared that nothing was done in the lower court except what is shown by the judgment-roll, I should not doubt that the allowance was too

large. But there may have been facts to justify it the existence of which are not negatived by anything appearing on the face of the roll. If the appellant desired this court to review that part of the decision, he should have placed before us, by bill of exceptions or otherwise, not necessarily the evidence in the case, but, at all events, the evidence, if any, on that question, and a statement of the facts relating to the amount and value of the services performed by the attorney which were within the knowledge of the court below and which it must have considered in making the allowance.