IRVINE v. McDOUGALL et al.

(Fourth Division.  Fairbanks.   October 11, 1913.)

No. 1938.

1. MECHANICS' LIENS (§§ 134, 154*)—STATEMENT—VERIFICATION.

A mechanic's lien, consisting of the statement of the agreement, showing the number of days, the rate, the total amount due, and alleging that no part thereof has been paid, signed by the lienor, following which is "subscribed and sworn to before me this 20th day of May, 1913," followed by the name and seal of the notary administering the oath, *held* a sufficient lien and verification.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 208, 261–267; Dec. Dig. §§ 134, 154.*]

2. MECHANICS' LIENS (§ 136*)—DESCRIPTION OF PROPERTY.

A mechanic's lien for labor performed described the property as the "Pioneer quartz mining claim, situate at the head of Fairbanks creek, on the left limit thereof, on the divide between said creek and Wolf creek," without giving the precinct, court division, or other political or judicial description of location.  *Held*, it is not necessary that the name of the territory or the legal subdivision thereof be given, provided there is sufficient in the notice, taken in connection with all the circumstances and the place where the notice is filed or recorded, to apprise parties dealing with the property that a lien is claimed thereon.  Description *held* sufficient.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 213–224; Dec. Dig. § 136.*]

3. MECHANICS' LIENS (§ 271*)—PLEADINGS—CONSTRUCTION.

While mechanic's lien statutes are to be liberally construed with a view to effecting substantial justice, that rule does not extend to pleadings in suits to foreclose such liens, especially where the pleading is questioned at an early stage of the action.  The complaint, in an action of this kind, should state all the ultimate facts necessary to be established upon the trial.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

This is an action by the plaintiff to foreclose various liens for labor alleged to have been performed in the development and improvement of the "Pioneer quartz mining claim, sit-

uate at the head of Fairbanks creek, on the left limit thereof, on the divide between said creek and Wolf creek"; the plaintiff claiming a lien on the premises for labor performed by himself, and also claiming as the assignee of several other laborers. The defendants have demurred to the complaint, alleging, as grounds of demurrer, that this court has no jurisdiction of the subject-matter of the action; that the complaint does not state facts sufficient to constitute a cause of action, neither in its entirety nor as far as each of the seven separate alleged causes of action is concerned.

Louis K. Pratt & Son, of Fairbanks, for plaintiff.

McGowan & Clark and Cecil A. Clegg, all of Fairbanks, for defendants.

FULLER, District Judge. The respects in which it was especially urged that the complaint was defective were that the complaint did not show that certain matters, required by statute to be in the notices of lien filed, were contained in the notices mentioned in the complaint; and that inasmuch as the complaint does not show that valid notices of lien were filed with the recorder, but, on the contrary, shows that the notices which were filed were insufficient, the complaint is fatally defective.

The first matter urged is that the notices of lien are not verified as required by statute. The section of the statute, in regard to filing laborer's liens and the matters to be contained therein, is as follows:

"It shall be the duty of every * * * laborer * * * claiming the benefit of this Code, within thirty days after the completion of the alteration or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, to file with the recorder of the precinct in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts." Compiled Laws of Alaska 1913, § 695, p. 340.

Each of the notices mentioned in the complaint is in substantially the same form, being that of an affidavit, and consisting of the statement of the agreement between the laborer and the defendant, by whom he was employed to work upon the mining claim, and showing the number of days that he worked, the rate of wages at which he was to be paid, and the total amount due for such work, and alleging that no part thereof has been paid. Each purports to have been signed by the lienor, following which are the words "subscribed and sworn to before me this 20th day of May, 1913," followed by the name and seal of the notary administering the oath. The defendants contend that this does not amount to a verification by the oath of the lienor, but that the notice of lien should expressly show that the same has been read by the affiant and should contain his statement that the allegations of the notice are true.

The section of the statute above quoted is substantially the same as that of Oregon, from which it was taken, and the Supreme Court of Oregon, prior to the adoption of the Alaska Code, had held notices of lien, in substantially the form of the notices in this action, to be sufficient.

"Section 3673, Hill's Code, requires a claim 'to be filed with the county clerk,' 'which claim shall be verified by the oath of himself, or some other person having knowledge of the facts.' This statute does not prescribe any particular form in which such verification shall be made. No doubt the better practice would be in the form of an affidavit, to be annexed to the claim, to the effect that the facts therein stated are true; but, the statute not having prescribed the form, we do not feel disposed to say that a claim signed by the party, and verified by his oath, is invalid. The present lien law was evidently designed to simplify the proceedings thereunder to a greater extent than any preceding statute in this state on that subject, and this form of verification may be all that the Legislature designed. We therefore hold that these claims are verified. Laswell v. Church, 46 Mo. 279." Kezartel v. Marks, 15 Or. 538, 16 Pac. 412.

It is also objected by the defendants that the notices of lien are defective in that the descriptions of the property to be charged with the liens are not sufficient for identification. Neither the name of the recording district or precinct, nor of the judicial division, nor of the state or territory within which

the property is situated, is mentioned. It certainly must appear somewhere in the complaint that the property sought to be charged with the lien is situated within the jurisdiction of the court. The complaint itself contains no allegation in this regard, not even considering the notices of lien annexed thereto as exhibits, as being a part of the complaint and incorporated therein by the reference made to them. As far as the complaint itself is concerned, it is defective in this respect; but it does not necessarily follow that the notices of lien are absolutely void, simply because they do not contain the name of the mining district or political division in which the mining claim is situated. It may be, as a matter of fact, that the description contained in the notices is sufficient to apprise one reading the notices of the location of the property, so as to enable him to go to the premises and find the property intended to be designated. The name of the mining claim is given and its location with reference to two different creeks. The designation of a well-known mining claim simply by its name may be a sufficient designation, either when used in conveyances or in a notice of location to describe some permanent monument. The notices of lien were recorded, it appears, in Fairbanks recording district, and there naturally is some inference that the property intended to be affected is situated within this recording district.

"The description of property, upon which a mechanic's lien is sought to be enforced, must be sufficient for a person familiar with the locality to identify it, and if a description of real estate is true in every particular, and no other property answers to such description, and the property may easily be found by any one who may be acquainted with such description and the facts as they exist, and may be easily ascertained upon inquiry, the description is sufficient. It is also said that the description in the claim of lien should be as definite as in a deed or mortgage, and accordingly any description that would be sufficient in a conveyance will be good in a lien claim." Boisot on Mechanics' Liens, § 432.

In Tredinnick v. Red Cloud Consolidated Mining Co., 72 Cal. 78, 13 Pac. 152, the Supreme Court of California held, in a case where a description by courses and distances was so erroneous as to inclose no ground, that the name of the mine itself constituted a sufficient description.

4 A.R.—45

"It is claimed for the appellants that, on account of these errors, it becomes impossible to trace all of the exterior lines of the mine, and for that reason the description is insufficient. On the other hand, it is contended for the respondents that 'Gibraltar,' 'Topgallant Royal,' and 'Westchester' are names of adjoining, well-known, and defined mining claims, which are monuments, and must control the courses and distances. As they are used, these names seem to have been intended to represent monuments of some kind, and we cannot know judicially that they do not efficiently serve the purpose claimed for them. But, however this may be, we think the description by name was sufficient for the identification of the property."

The same court has said, in a case where it is asked to hold that a description in a deed was insufficient because the political subdivision in which the property was situated was omitted:

"The objection that the description in the deed to Couts was void for uncertainty, because it did not state the state, county, or city in which the property was situated, is not tenable. Such a statement is not necessary, if without it the property could still be located and identified." McCullough v. Olds, 108 Cal. 532, 41 Pac. 420, 421.

In passing upon a conveyance of standing timber, the Supreme Court of Michigan held that a description would be sufficient which simply designated the land on which the timber stood by number of township and section, without giving the name of the county or state; and this was true although the instrument was executed and acknowledged in another state from that in which the property was situated; and that, when such an instrument was recorded in the county where the property was, it operated to give notice to all the world of the conveyance. Mee v. Benedict, 98 Mich. 260, 57 N. W. 175, 22 L. R. A. 641, 39 Am. St. Rep. 543.

In Coburn v. Stephens, 137 Ind. 683, 36 N. E. 132, 45 Am. St. Rep. 218, in passing upon a similar condition, the Supreme Court of Indiana said:

"The appellee John Chew contends that the complaint and notice of lien were insufficient, but we think the court did not err in holding them good. Several parcels of ground are named in the notice, but we think they are so described that we may know that they form one body of land, upon which the buildings described are located. The county in which the lands are situated is not given . in the.

notice, but in the complaint it is alleged that the lands are in Marion county, Ind. It was the intention of the Legislature that the mechanic's and materialmen's lien law should be liberally interpreted in favor of mechanics, materialmen, and laborers. Imperfect description of property may therefore be aided by extrinsic evidence under proper allegations in the pleadings. That is sufficiently certain which can be so made certain."

A similar question has been passed upon also by the Supreme Court of Idaho, which says:

"It is next contended that the description contained in the liens, complaints, and decrees in these cases is insufficient. The general description used is as follows: 'The pumping plant and waterworks system * * * being located on the south bank of the Clearwater river about 1½ miles above the point where the Clearwater river flows into the Snake river.' It seems to us that there will be no difficulty about locating the waterworks system of the city of Lewiston, and that the description herein would enable an officer to very readily locate and point out the property. This court is presumed to know the geography and political subdivisions of the state (section 5950, R. C.), and we are likewise at liberty to take notice of the size and location of the city of Lewiston. It is hardly to be presumed that the city itself owns more than one waterworks system, and so there can be no confusion or uncertainty about locating the system here described and intended. In Phillips v. Salmon River, etc., Co., 9 Idaho, 149, 72 Pac. 886, it was held that a description of the mining claim contained in a notice of lien in the following language was sufficient: 'The mining claim, known as the "Salmon Bar," situated on the Idaho side of the main channel of the Snake river one-half mile north or down the river from the mouth of the Grande Ronde, in Nez Perce county, Idaho.' The authorities abundantly sustain us in this view." Chamberlain v. City of Lewiston, 23 Idaho, 154, 129 Pac. 1070.

"The claim describing a building as situated 'on Thirty-Fifth street, between Fourth and Fifth avenue,' without stating that the building is situated in the city and county of New York, but addressed to the clerk of the county, although lacking in precision, is so far a compliance with the spirit of the statute that the court will not reverse judgment for the defect. Boisot on Mechanics' Liens, § 433, p. 436."

The Supreme Court of Indiana has held, in a case where the notice of lien failed to state the county within which the premises, sought to be charged, were situated, that such omission was not sufficient to render the notice void, but that the complaint, containing sufficient allegations as to the location of the premises, and taken in connection with what appeared in the notice filed, would be sufficient.

"A clear distinction is consequently recognized by the authorities between descriptions which are radically and incurably uncertain and those which, by the means referred to, may be rendered definite and certain. The complaint in this case averred that the land is situate in Porter county, ·in this state; that the parties all resided in that county when the notice of the intention to hold a lien was filed; and that the notice was recorded in the recorder's office of the same county. These averments, when taken in connection with the fact that we know judicially that a section of land, corresponding generally with the one described in the notice, lies within the county of Porter, were sufficient to supply the defect arising out of the failure of the notice to designate the county and state within which the land and dwelling house were situate. Our conclusion, therefore, is that the notice in question contained a defective and incomplete description of the real estate which it intended to describe, but not a wholly uncertain description, and that, in consequence, the demurrers to the complaint were erroneously sustained. Dutch v. Boyd, 81 Ind. 146." White v. Stanton, 111 Ind. 544, 13 N. E. 50.

It appears from the decisions cited that it is not absolutely necessary that the name of the state or territory, or of the legal subdivision thereof, wherein the premises to be charged are situated, be contained in the notice of lien, provided there is sufficient in the notice, taken in connection with all the circumstances and the place where the notice is filed or recorded, to apprise parties dealing with the property that a lien is claimed thereon. In this case, the name of the mining claim to be charged with the lien, as well as the names of two creeks with reference to which it is located, are given, and it may be that evidence will show that these constitute a sufficient description. It is necessary that such should appear from proper allegation in the complaint, however.

It is also urged by the defendants that the notices of lien are defective in that they do not state the amounts due the lienors "after deduction of all just credits and offsets." It is necessary that the statement of the lienors' demand contained in the notices should be the true amount due, after making such deductions, but it is not necessary that such shall be expressly stated in the notices filed.

In Kezartee v. Marks, 15 Or. 535, 16 Pac. 410, in ruling upon a similar objection, the Supreme Court of Oregon said:

"It is objected that these claims do not on their face state that the amount specified therein is due over and above all just credits and offsets, but it was held in Whittier v. Blakely, 13 Or. 546, 11 Pac. 305, that this was not necessary; that it was sufficient if notice be given of the amount of the claim."

It does not clearly appear, from any of the allegations of the complaint, that the plaintiff, or any of his assignors, filed, within the time required by law, notice containing "a true statement of his demand, after deducting all just credits and offsets," or "a description of the property to be charged with the lien, sufficient for identification," or that any notice of lien was filed "with the recorder of the precinct in which the premises, sought to be charged with the lien, were situated."

Mechanics' lien statutes are to be liberally construed, with a view to effecting substantial justice. Pioneer Mining Co. v. Delamotte, 185 Fed. 755, 108 C. C. A. 90.

It would seem, however, that a different rule should be followed in determining the effect of the pleading in an action to foreclose a lien, especially where the pleading is questioned at an early stage of the action, as in this case, from the rule to be followed in determining the sufficiency of a notice of lien, which the lienor cannot correct or amend after the time limited for filing has expired. The complaint in an action of this kind should state all the ultimate facts necessary to be established upon the trial.

This complaint seems defective in the particulars above stated, and defendants' demurrers are sustained, with leave to plaintiff to amend his complaint.