QUAYLE, P. J.
This is an appeal from a judgment denying the right of plaintiff to foreclose a mechanic’s lien. The undisputed facts show that plaintiff contracted with defendant Gunderson to install the wiring and electrical fixtures in premises at 2835 Morley Drive, Oakland. It was stipulated *Supp. 962 that his material and labor was worth $1,186.29. Gunderson defaulted and judgment in that sum was entered against him. The sole question involved here is whether plaintiff was entitled to foreclose his mechanic’s line against the property. Plaintiff filed a lien against the property under the provisions of Code of Civil Procedure, section 1193.1. Thereafter, he filed suit to foreclose the lien and to recover from respondents. He appeals from an adverse decision in said action. The established facts are:
1. Don A. Mowat originally held title to the property at 2835 Morley Drive, Oakland. He deeded it to Mowat Associates, a California corporation, on February 18, 1965. The deed was recorded February 19,1965.
2. A building was, thereafter, constructed upon the premises and defendant Gunderson was the general contractor on the job.
3. Plaintiff installed the electrical wiring and fixtures therein as a subcontractor under Gunderson.
4. All work on the building was completed by June 25, 1965, and the general contractor so informed Don A. Mowat.
5. On June 29, 1965, Don A. Mowat caused a completion notice to be recorded under his name, as owner, declaring that the building was completed on June 25,1965.
6. On July 28, 1965, plaintiff recorded a mechanic’s lien against the property for $1,186.29 but failed to serve á pre-lien notice as required by Code of Civil Procedure, section 1193.
7. On August 13, 1965, plaintiff served a pre-lien notice on Gunderson, Don A. Mowat and Mowat Associates.
8. On September 22, 1965, plaintiff recorded his second mechanic’s lien against the property. This lien was recorded within 90 days after the completion of the job but not within 30 days after recordation of the completion notice.
9. Mowat Associates, a California corporation, executed a deed to the property dated September 20, 1965, which was recorded on September 23, 1965, revesting title in Don A. Mowat.
10. Plaintiff filed his complaint to foreclose mechanic’s lien on October 26,1965.
If the completion notice recorded on June 29, 1965, was valid and effective, plaintiff cannot recover against respondents nor can he foreclose his mechanic’s lien against the property. It is conceded that the lien he recorded on July 28, 1965, was ineffective. At that time, he had failed to give the pre-lien notice to the owner required by Code of Civil Procedure, sec *Supp. 963 tion 1193. It was not until August 13, 1965, that plaintiff served an effective pre-lien notice, and on the 90th day, he recorded his second mechanic’s lien, and his rights against the owner and the property depend on whether he had 90 days after completion to file this lien under Code of Civil Procedure, section 1193.1, subdivision (c).
Plaintiff contends that Code of Civil Procedure, section 1193.1, subdivision (f) does not reduce the time for recording claim of lien from 90 days to 30 days, because the so-called completion notice of June 29, 1965, was defective and deficient. Sincé it failed to meet certain requirements specified in Code of Civil Procedure, section 1193.1, he contends it failed to give notice to lien claimants on the job at 2835 Morley Drive, Oakland. Unless the completion notice contains allegations that enable interested parties to recognize it as affecting the job to which they have supplied labor or material, its purpose has been defeated and the time for filing liens should not be shortened. “Lien claimants are entitled to watch these filings in the office of the county recorder and rely upon them.” Doherty v. Carruthers (1959) 171 Cal.App.2d 214 at p. 219 [340 P.2d 58],
Comparing the contents of the completion notice in question with the requirements of Code of Civil Procedure, section 1193.1, we find:
1. Code of Civil Procedure, section 1193.1, subdivision (j) requires the owner or his agent to sign and verify the completion notice. This requirement was not fulfilled because Don A. Mowat signed as an individual and not as an agent for the true owner. Title to the property during the construction was admittedly in the name of Mowat Associates, a California corporation.
2. The date of completion was properly specified as required by Code of Civil Procedure, section 1193.1, subdivision (f);
3. A description of the property was sufficiently set forth in the completion notice to comply with Code of Civil Procedure, section 1193.1, subdivision (f). However, three other requirements of that code section were not fulfilled;
4. The section requires that the notice specify the name and address of the owner of the property. Legal title stood in Mowat Associates, a California corporation, but Don A. Mowat specified himself individually as the owner and gave his own address;
5. The requirement that the owner set forth the nature of *Supp. 964 his estate in the property was not fulfilled. The document in question stated Don A. Mowat was “owner-builder.” This was both untrue and misleading;
6. Code of Civil Procedure, section 1193.1, subdivision (f) requires that the name of the original contractor, if any, be disclosed. This was not done. The alleged completion notice has a blank line under which it states: “If no contractor for work of improvement as a whole, -insert ‘no contractor’ ” Above this line, Don A. Mowat had inserted the words “owner-builder,” although the undisputed evidence shows that defendant Gunderson was the general contractor on the job.
Therefore, of the six requirements in Code of Civil Procedure, section 1193.1, only two were correctly set forth. Persons cheeking the records would find Mowat Associates, a California corporation, to be the owner of the property. They would not discover a completion notice signed by that owner or by an agent for or on behalf of that owner. Persons subcontracting under Gunderson would not discover his name as general contractor on any job relating to the property in question. Thus the so-called completion notice of June 29, 1965, was more apt to deceive and confuse than to serve as notice to laborers or materialmen who contributed services or material to the job. Pre-lien notice under Code of Civil Procedure, section 1193, subdivision (a) must be given to the owner or reputed owner and the original contractor at least 15 days prior to filing a valid mechanic’s lien by a subcontractor. All of these steps are part of a statutory procedure and reasonable compliance with the statutory requirements is necessary. Castagnetto v. Coppertown Mining etc. Co. (1905) 146 Cal. 329 [80 P. 74]; Baker v. Lake Land Canal etc. Co. (1908) 7 Cal.App. 482 [94 P. 773],
The benefits accruing to an owner which flow from the filing of a completion notice are comparable to homestead rights. Both are creatures of statute, and failure to comply with any essential statutory requirement is fatal. Olds v. Thorington (1920) 47 Cal.App. 355 [190 P. 496], An untruthful declaration relative to an essential requirement renders a homestead invalid. Rich v. Ervin (1948) 86 Cal.App.2d 386 [194 P.2d 809],
Respondents contend that plaintiff was not misled by any deficiencies in the completion notice. They point out that plaintiff had sufficient information on the subject to cause him to record an invalid mechanic’s lien on July 28, 1965. But the *Supp. 965 lien proved to be invalid because no pre-lien notice had been served in the manner required by Code of Civil Procedure, section 1193. Not later than July 13, 1965, plaintiff would need the information disclosable through a properly executed completion notice in order to serve a pre-lien notice and file an adequate mechanic’s lien prior to July 28, 1965. Nothing in the record indicates that plaintiff had that information at that time. We cannot go beyond the record submitted to us on this appeal. Kovacik v. Reed (1957) 49 Cal.2d 166, at p. 170 [315 P.2d 314], Furthermore, the undisputed testimony of defendant Don A. Mowat, who signed the alleged completion notice, shows that he did not realize that the property was vested in the corporation at that time. In Munger & Munger v. McBratney (1955) 131 Cal.App.2d Supp. 866 [280 P.2d 232], the premature filing of a completion notice was ineffective to reduce the 90-day period to 30 days. The defects in the completion notice here are equally fatal to respondents.
Respondents further contend that the original requirement of strict compliance with the lien statutes have been relaxed by statute and case law. Progress Lumber Co. v. Davis (1932) 217 Cal. 95 [17 P.2d 105], involved a completion notice that was signed by a husband as one of the owners when, in fact, the true title stood in his name and his wife’s name as joint tenants. Unlike the ease at bench, the completion notice in the Davis case revealed all of the required facts. The only alleged defect was failure of the wife to join in the signing. This could prejudice no one.
Borello v. Eichler Homes, Inc. (1963) 221 Cal.App.2d 487, 493 [34 Cal.Rptr. 648], cited by respondents, involved a defective claim of lien and not a defective completion notice. Borello left out a word in the description contained in his lien and Eichler proposed to use this defect to avoid liability for the labor and material put into a building. The court held that the description was sufficient to designate the land in question. Code of Civil Procedure, section 1196.1 directs the court to liberally apply the requirements of a lien claim where the error is in the description of the property or in the amount of the claim. It is to be noted that there is no such statute directing liberality in construing the effectiveness or the sufficiency of a completion notice. In any event, the deficiencies in the completion notice in the case at bench do not deal with the description of the property or the amount of any claim.
*Supp. 966 The reasoning in this ease can be of little help to respondents. They are in a position quite comparable to Eichler. They propose to ignore their defective and misleading completion notice for the purpose of defeating plaintiff’s recovery for labor and material put into the property at 2835 Morley Drive, Oakland.
Judgment in favor of defendants Don A. Mowat and Mowat Associates, a California corporation, is reversed and the ease is remanded to the municipal court for entry of judgment to foreclose the mechanic’s lien consistent herewith.
Emerson, J., and Dieden, J., concurred.